**ARMSTRONG v. LAND, Adm'r, War Shipping Administration.**

**No. 31567.**

District Court for the District of Columbia.

Jan. 28, 1946.

Richard A. Harman, of Washington, D. C., for plaintiff.

James M. Proctor, Jr. and Robert E. Kline, Jr., both of Washington, D. C., for defendant.

HOLTZOFF, Associate Justice.

It is clear to the court that this is an action against the United States and as such may not be maintained because the United States has not consented to be sued in the manner in which it has been sued. The consent of the United States to be sued must be express and explicit and may not be inferred or implied. Moreover, suit pursuant to such consent must be brought in the tribunal and in the manner specified in the consent. The Government has consented to be sued under the Suits-in-Admiralty Act.[1]

It is the view of the Court that the plaintiff has misconceived his remedy and that his proper remedy is under the Suits-in-Admiralty Act. The Court realizes that by bringing suit under that Act the plaintiff would lose an opportunity for jury trial, and the trial would be before the Court; but that is a common situation in respect to actions against the Government. Actions against the Government are generally triable without a jury because most statutes which confer consents of that kind so provide.

Although Emory S. Land is named as defendant, he is sued in his official capacity and not for a personal tort on his part. Therefore, in effect the suit is against the United States. In this connection, the Court might refer to the recent decision of the Supreme Court in Mine Safety Appliances Co. v. Forrestal, 326 U.S. 371, 66 S.Ct. 219, which was an action for somewhat similar relief against the Secretary of the Navy. It was held to be in effect an action against the United States and, therefore, not maintainable.

The Court will grant the motion to dismiss.