## PODGORSKI v. UNITED STATES.

### No. 367 of 1947.

United States District Court
E. D. Pennsylvania.
Nov. 10, 1949.

732

Martin J. Vigderman, of Freedman, Landy & Lorry, Philadelphia, Pa., for libellant.

Gerald A. Gleeson, United States Attorney, Philadelphia, Pa., James P. McCormick, Assistant U. S. Attorney, Philadelphia, Pa., Timothy J. Mahoney, Jr. (of Krusen, Evans & Shaw), Philadelphia, Pa., for defendant.

WELSH, District Judge.

This libel, claiming damages, maintenance and cure and wages on account of personal injuries was brought under the terms of the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq. The respondent seeks to have said libel dismissed on the ground that the venue is improper.

1. Section 2 of the Suits in Admiralty Act provides in part: "Suits shall be brought in the district court of the United States for the district in which the parties so suing, or any of them, reside or have their principal place of business in the United States, or in which the vessel or cargo charged with liability is found." Originally courts experienced difficulty in determining whether the above-quoted language relates to jurisdiction or venue. That difficulty, however, was settled when the United States Supreme Court in Hoiness v. United States, 335 U.S. 297, 69 S.Ct. 70, decided that the language relates not to jurisdiction but to venue.

2. Libellant admits that he has not complied with the venue provisions of the Act in that he is not a resident of this district, that he does not have a principal place of business here and that the ship

alleged to be liable has not been, is not and never will be here in this district. Nevertheless, counsel for libellant argues that the libel should not be dismissed because the venue provisions of the Act confer a personal privilege which can be and has been waived by the respondent. We have no doubt that the venue requirements can be waived. See Hoiness v. United States, supra; United States v. Hvoslef, 237 U.S. 1, 35 S.Ct. 459, 59 L.Ed. 813, Ann.Cas.1916A, 286; Thames & Mersey Marine Insurance Company, Ltd., v. United States, 237 U.S. 19, 35 S.Ct. 496, 59 L.Ed. 821, Ann.Cas.1915D, 1087; Panama Railroad Company v. Johnson, 264 U.S. 375, 44 S.Ct. 391, 68 L.Ed. 748. The sole question, then, is: "Did the respondent in the present case waive the venue requirements of the Act?" The determination of this question involves an examination of the facts and circumstances in the record.

3. The libel which was filed on November 17, 1947 contains no allegation with regard to libellant's residence. On March 17, 1948 respondent first learned that libellant failed to comply with the venue provisions of the Act. It was on that date that libellant, in the course of an oral examination being conducted in connection with a civil suit commenced by the libellant against a General Agent for the United States, admitted that he was not a resident of this district. On August 9, 1948, the respondent appeared generally and answered to the merits. In its answer the respondent pleaded the defense of improper venue. On September 28, 1949, respondent filed its motion to dismiss for improper venue.

■ 4. We think the rule that a party is deemed to have waived defects in venue if no specific objection is taken prior to a plea on the merits no longer obtains. While it is true that the Federal Rules of Civil Procedure, 28 U.S.C.A., are not applicable to Admiralty suits the trend is to apply their liberal provisions to Admiralty suits. Rule 12 of the Federal Rules of Civil Procedure in effect abolishes the old special appearance and permits the defense of improper venue to be raised in the answer as was done in the present case. No specific provisions having been shown in the Admiralty Rules, 28 U.S.C.A., we feel the provisions of Rule 12 should be applied to this Admiralty suit. Walsh v. United States, D.C., 81 F.Supp. 667; Untersinger v. United States, 2 Cir., 172 F.2d 298. It follows then that the respondent did not waive its rights under the venue provisions of the Act by his failure to object specifically prior to its general appearance and answer to the merits.

■ 5. A statement by the Court in Hoiness v. United States, supra, to the effect that venue provisions in the Tucker Act, 28 U.S.C.A. § 1402, similar to those involved here could be and were waived by failure to object before pleading to the merits would seem at first blush to be in conflict with the views expressed above. However, a careful reading of the opinion makes it evident that the statement had no direct bearing on the issues involved and must, therefore, be considered dictum. Dictum is an expression of the views of the Court concerning matters not before it and should be considered by a Lower Court. That this Court is not bound by dictum is well settled and we need only refer to the opinion of Judge Follmer in Walsh v. United States, supra.

■ 6. Did the respondent waive its rights under the venue provisions of the Act by filing its motion to dismiss for improper venue more than 13 months after filing its answer which contains the defense of improper venue? In our judgment it did not. The defense of improper venue had been asserted in the answer and could have been raised and argued at the trial. Therefore, the respondent cannot be deemed to have waived its venue defense because it elected to have said defense determined upon a motion to dismiss prior to trial. On the contrary, it appears to the Court that respondent's motion to dismiss for improper venue indicates an intent not to waive its rights but to maintain and preserve it.

7. The motion to dismiss is granted. An order in accordance with the foregoing opinion will be presented.