**FALCIANI v. UNITED STATES et al.**
**No. 221 of 1947, Admiralty.**

United States District Court
E. D. Pennsylvania.

Dec. 7, 1949.

Joseph Weiner, Philadelphia, Pa., for libellant.

Timothy Jay Mahoney, Jr., Philadelphia, Pa., for respondents.

McGRANERY, District Judge.

This is an action by a seaman, under the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq., to recover for injuries sustained by him while he was a member of the crew of respondent's vessel. Two years after filing its answer, respondent moves to dismiss the libel on the ground of improper venue. Inasmuch as the ground assigned does not relate to jurisdiction, Hoiness v. United States, 335 U.S. 297, 69 S.Ct 70, the respondent concedes that his motion to dismiss must be treated as a motion to transfer. 28 U.S.C.A., § 1406.

The first issue presented by the motion is whether the respondent has waived its objection to venue. Section 2 of the Suits in Admiralty Act provides that a libel may be filed against the United States either in the district of the residence of the libellant or in the district where the ship is found. The libel did not allege that the seaman was a resident of this district nor that the vessel was "found" here. The respondent, in its answer, made no specific objection to venue, but asserted that "it is a sovereign which has consented to be sued only in accordance with the terms and provisions of the Suits in Admiralty Act, and not otherwise."

Prior to the argument on the motion, respondent had submitted interrogatories designed to ascertain the residence of the libellant. The interrogatories were not answered but, at the argument, libellant's non-residence in this district was admitted. However, libellant submitted an affidavit stating that the ship was found in this district, a statement which, it developed, was essentially a legal conclusion. But whether the venue is correctly laid or not, libellant contends that the respondent has waived its objection.

Section 2 of the Suits in Admiralty Act relates to venue, and there is dictum to the effect that venue may be waived by failing to object before pleading to the merits. Hoiness v. United States, supra. The respondent contends, however, that it is not necessary for the defending party to object to venue by means of exceptions or a specific appearance, and that there is no waiver when an objection to venue has been made in the answer which also pleaded to the merits. Untersinger v. United States, 2 Cir., 172 F.2d 298; Walsh v. United States, D.C., 81 F.Supp. 667; Podgorski v. United States, D.C. Eastern District of Pennsylvania, 1949, 87 F.Supp. 731; cf., Federal Rules of Civil Procedure, Rule 12, 28 U.S.C.A. That contention may be conceded; but the problem here is whether the respondent has objected to venue in its answer.

In a similar situation, Judge Kirkpatrick held that the Government had waived all questions of venue, stating, Silk v. United States War Shipping Administration, D.C., 79 F.Supp. 579, 581: "Had the libel contained an averment that the libellant was a resident of the district, it might be argued that the respondent's failure to raise the point until his nonresidence had developed at the trial was not a waiver; but the libel on its face failed to bring the libellant within the provisions of the Act relating to the district in which suit must be brought, there being no averments as

484

to his residence or place of business or the whereabouts of the ship. The United States appeared generally and filed an answer, in which the only allegation bearing on the point is 'The respondent, The United States of America, admits the Admiralty and Maritime jurisdiction of the United States and of this Honorable Court solely in accordance with the provisions of the Suits in Admiralty Act and not otherwise.' This sentence, whatever, if anything, it means, certainly cannot be construed as a plea to the venue. The other respondent, the War Shipping Administration, denied the jurisdiction of the Court in its answer but did not challenge the venue. * * *"

The relevant allegation in the answer here has been somewhat revised, and reads: "Respondent, United States of America avers that it is a sovereign which has consented to be sued solely in accordance with the terms and provisions of the Suits in Admiralty Act," and it also appears in context with a denial of jurisdiction by the other respondent, the United States Maritime Commission. I am not persuaded that the revision is successful in stating an objection to venue, if that is what it was meant to do. Whatever purpose it serves, it seems at most to incorporate by reference the Act which, and which only, permits a suit of this nature against the United States. Such permission is not conditioned upon proper venue, for venue may be waived. That is merely another way of saying that the venue provisions of the statute are not jurisdictional in nature. Therefore, it is not true that the United States has consented to be sued only in the district which would be indicated by the statute as the proper one. And a mere repetition of the sovereign's consent in the answer, even if considered in the present tense, cannot forestall suit where the venue is improper. It is not the sovereign's consent to be sued which is in issue here, but its consent to defend in this district. The distinction is the fundamental .one between jurisdiction and venue, and not a play on the wording of the allegation in the answer. In any event, an unmistakable objection to venue is so easily made that I cannot help but feel

that it should be so made, and that the circuitous language employed here was neither meant to nor does it state an objection to venue.

 Therefore, I find that the respondent did not object to venue in its answer, and, having pleaded to the merits, has waived all questions of venue. It is, consequently unnecessary to consider whether venue was properly laid. An order will be entered denying respondent's motion for transfer.