## HOINESS *v.* UNITED STATES.

No. 20.   Argued October 21, 1948.—Decided November 8, 1948.

*Herbert Resner* argued the cause and filed a brief for petitioner.

*Harry I. Rand* argued the cause for the United States, stating that the Government was not opposed to the reversal of the judgments below and a remand of the cause to the District Court for a decision on the merits. With *Mr. Rand* on the brief were *Solicitor General Perlman, Assistant Attorney General Morison, John R. Benney* and *Alvin O. West.*

MR. JUSTICE DOUGLAS delivered the opinion of the Court.

Petitioner was a seaman on the *S. S. Escanaba Victory,* a vessel owned by the United States and operated under an agreement between the War Shipping Administration [1] and the American-South African Line, Inc., the provisions of which are unnecessary to relate here. He was injured while the vessel was docked at the port of San Francisco, California, and brought this suit in admiralty against the United States [2] under the Suits in Admiralty Act.[3]

---

[1] The United States Maritime Commission now stands in its shoes. See 60 Stat. 501.

[2] Other parties were also sued but they were dismissed from the case.

[3] Section 2 of that Act provides in part:

"That in cases where if such vessel were privately owned or operated, or if such cargo were privately owned and possessed, a proceeding in admiralty could be maintained at the time of the commencement of the action herein provided for, a libel in personam may be brought against the United States or against such corporation, as the case may be, provided that such vessel is employed as a merchant vessel or is a tug boat operated by such corporation. Such suits shall be brought in the district court of the United States for

41 Stat. 525, 46 U. S. C. § 742. The libel alleged that the United States maintains offices and principal places of business in the Northern District of California where the suit was brought, but it did not allege that petitioner was a resident of that district[4] nor that the vessel was found there at the time suit was filed. The United States did not appear specially but answered to the merits, leaving all questions of jurisdiction to the court. The District Court raised the question of jurisdiction *sua sponte* and, being of opinion that jurisdiction was lacking, dismissed the libel. 75 F. Supp. 289.

Its opinion was dated August 5, 1946, and on the same day it entered an order reading as follows:

> "It is ordered:
>
> "That the libel herein is dismissed for lack of jurisdiction, and that respondents have judgment for costs.
>
> "Counsel for respondents will submit findings of fact and conclusions of law in accordance with the rules of court and the opinion filed herewith."

On October 14, 1946, it filed "Findings of Fact and Conclusions of Law" and a decree. The decree after formal recitals stated:

> "Wherefore, by reason of the law and the evidence and the premises, and the findings of fact and conclusions of law, as aforesaid, it is ordered, adjudged and decreed that the above-entitled Court has no jurisdiction over the subject matter of the action, and that the libel be dismissed."

---

the district in which the parties so suing, or any of them, reside or have their principal place of business in the United States, or in which the vessel or cargo charged with liability is found. . . . Upon application of either party the cause may, in the discretion of the court, be transferred to any other district court of the United States."

[4] The record shows the petitioner's residence was in Oregon.

On October 18, 1946, petitioner filed a petition for appeal stating that he was "aggrieved by the rulings, findings, judgment and decree made and entered herein on October 14, 1946." The appeal was allowed on the same day.

The Court of Appeals by a divided vote dismissed the appeal, holding that the first order was the final one and that the decree of October 14, 1946, was not appealable. 165 F. 2d 504. The case is here on certiorari.

I. We find it unnecessary to determine whether the order of August 5 or that of October 14, 1946, was the final decision [5] from which an appeal could be taken within the meaning of § 128 of the Judicial Code, 36 Stat. 1133, 28 U. S. C. (1946 ed.) § 225; 62 Stat. 929, 28 U. S. C. § 1291. The appeal was taken within three months of the earlier of the two and was therefore timely. 43 Stat. 940, 28 U. S. C. (1946 ed.) § 230. And although the petition for appeal referred solely to the second order and not to the first, that defect was of such a technical nature that the Court of Appeals should have disregarded it in accordance with the policy expressed by Congress in R. S. § 954, 28 U. S. C. (1946 ed.) § 777.[6]

The mandate of that statute is for a court to disregard niceties of form and to give judgment as the right of the

---

[5] This is the kind of problem which could be appropriately handled through the rule making authority of the Court of Appeals. Cf. *Commissioner* v. *Bedford*, 325 U. S. 283, 288.

[6] That section reads as follows:

"No summons, writ, declaration, return, process, judgment, or other proceedings in civil causes, in any court of the United States, shall be abated, arrested, quashed, or reversed for any defect or want of form; but such court shall proceed and give judgment according as the right of the cause and matter in law shall appear to it, without regarding any such defect, or want of form, except those which, in cases of demurrer, the party demurring specially sets down, together with his demurrer, as the cause thereof; and such court shall amend every such defect and want of form, other than those which the

cause shall appear to it. It seems to us hypertechnical to say that the appeal papers did not bring the sole issue of the case fairly before the Court of Appeals. Thus the assignments of error framed in the appeal attacked the basis of the first order as well as the second. What appellant sought to have reviewed was plain. The failure to use the words August 5, 1946, if that be taken as the date of the final decision, was as insubstantial as a misspelling of the words would have been, since the words used identified the rulings which were challenged, and in no way altered the scope of review. Cf. *R. F. C.* v. *Prudence Group,* 311 U. S. 579, 582; *Georgia Lumber Co.* v. *Compania,* 323 U. S. 334, 336.

II. The ruling of the District Court that the provisions of § 2 of the Suits in Admiralty Act, directing where suits shall be brought,[7] were jurisdictional was in our view erroneous. Those provisions properly construed relate to venue.

The section relates not to libels *in rem* but to libels *in personam.* A similar provision in § 5 of the Tucker Act (24 Stat. 506, 28 U. S. C. (1946 ed.) § 762, 28 U. S. C. § 1402), was held to prescribe venue and hence could be and was waived by failure to object before pleading to

---

party demurring so expresses; and may at any time permit either of the parties to amend any defect in the process or pleadings, upon such conditions as it shall, in its discretion and by its rules, prescribe."

After the dismissal of the appeal in this case, the foregoing section was repealed, effective September 1, 1948. 62 Stat. 992, § 39. And see Revision of Title 28, U. S. Code, H. Rep. No. 308, 80th Cong., 1st Sess., p. A 239. But the policy expressed in § 954 was preserved as respects cases pending at the time of the repeal, since the repealing statute provides that "Any rights or liabilities now existing under such sections or parts thereof shall not be affected by this repeal." And see Rules 1, 15, 61, and 81, Rules of Civil Procedure.

[7] See note 3, *supra.*

the merits. *United States* v. *Hvoslef,* 237 U. S. 1, 11–12; *Thames & Mersey Ins. Co.* v. *United States,* 237 U. S. 19, 24. An analogous provision in the Jones Act, 41 Stat. 1007, 46 U. S. C. § 688, was construed the same way. *Panama R. Co.* v. *Johnson,* 264 U. S. 375, 384–385. And we recently indicated that that was the correct construction of comparable provisions of § 2 of the Public Vessels Act, 43 Stat. 1112, 46 U. S. C. § 782 (*Canadian Aviator, Ltd.* v. *United States,* 324 U. S. 215, 224), an act which is similiar in purpose and design to the present one. See *American Stevedores* v. *Porello,* 330 U. S. 446, 452–453.

Congress, by describing the district where the suit was to be brought, was not investing the federal courts "with a general jurisdiction expressed in terms applicable alike to all of them." See *Panama R. Co.* v. *Johnson, supra,* p. 384. It was dealing with the convenience of the parties in suing or being sued at the designated places. The purpose of the Act was to grant seamen relief against the United States in its own courts. The concepts of residence and principal place of business obviously can have no relevance when applied to the United States. It is ubiquitous throughout the land and, unlike private parties, is not centered at one particular place. The residence or principal place of business of the libelant and the place where the vessel or cargo is found may be the best measure of the convenience of the parties. But if the United States is willing to defend in a different place, we find nothing in the Act to prevent it.

The judgment is reversed and the case is remanded to the District Court for further proceedings in conformity with this opinion.

*Reversed.*