**WALSH v. UNITED STATES et al.**

No. 273.

United States District Court
E. D. Pennsylvania.
Jan. 10, 1949.

668

Freedman, Landy & Lorry, of Philadelphia, Pa., for libellant.

Gerald A. Gleeson, U. S. Atty. and Krusen, Evans & Shaw, all of Philadelphia, Pa., for respondent.

FOLLMER, District Judge.

The libellant filed his Libel in Personam against the United States of America on August 4, 1948, alleging injuries received on board the S. S. "Cedar Break", a vessel operated for the account of the United States of America and the War Shipping Administration. The libel contains no averment as to the residence of the libellant or the whereabouts of the S. S. "Cedar Break." The Affidavit of Service shows same served upon the United States Attorney on August 5, 1948, and forwarded by registered mail on same date to the Attorney General at Washington. Counsel designated to conduct the proceedings on behalf of respondent claims to have received it on August 27, 1948. The Answer filed on September 3, 1948, was an answer on the merits but also [1] set up as a further defense that the court lacked jurisdiction for the reason that the libel contains no allegation with respect to the residence of libellant, and further avers that libellant does not reside within the district. Libellant excepts to the Answer as being filed too late, and that the objection to trial in this district is one of venue and has been waived.

As to the provisions of the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq., concerning the place of suit, this district has held it to be a question of venue and not one of jurisdiction.[2] The Supreme Court has now so held and set this question at rest in Hoiness v. United States, 335 U. S. 297, 69 S.Ct. 70.

The Answer, which in Paragraph 13 raised the question of venue, was not filed within the twenty days provided by Rule 6 of our Admiralty Rules. This rule supplements Rule 28 of the Admiralty Rules promulgated by the Supreme Court, 28 U.S.C.A. Rule 28 provides that where a party has omitted "to make due answer to the libel upon the return day of the process, or other day assigned by the court, the court *may* pronounce him to be in contumacy and default * * *." This rule superseded a prior rule in which the word *shall* was used. The liberalizing of Rules of Practice is not limited to the Civil Rules but is also recognized in admiralty.[3] While the Rules of Civil Procedure do not apply to admiralty [4] it is recognized that similar

---

[1] Paragraph 13 of Answer.

[2] Silk v. United States War Shipping Administration, D.C.E.D.Pa., 79 F.Supp. 579.

[3] Suspine et al. v. Compania Transatlantica Centroamericana, D.C.S.D.N.Y., 37 F.Supp. 263.

[4] Suspine et al v. Compania Transatlantica Centroamericana, supra.

rules are entitled to the same construction, especially such as involve a default only in time.[5] In the Rules of Civil Procedure the difficulties experienced by the United States in filing an answer within twenty days is recognized and sixty days are allowed.[6] Certainly, therefore, under the circumstances here, with the Answer filed within thirty days, we see no reason for pronouncing respondent in default. The remaining question is whether an objection to venue [7] made in the Answer, which also pleaded to the merits, must be deemed a waived defense.

The action is for damages "civil and maritime" and in addition to allegations of unseaworthiness, alleges negligence which comes within the purview of the Jones Act.[8]

While the United States cannot be sued without its consent [9] and such cause of action must therefore be prosecuted in admiralty because of the requirements of the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq.,[10] there is no reason for disregarding the liberal construction as to pleadings provided in Civil Procedure Rule 12, which in effect abolishes the old "special appearance", [11] and permits the question of venue to be raised in the answer, as was done in the instant case.[12]

While it is true that in Hoiness v. United States, 335 U.S. 297, 69 S.Ct. 70, 72, the Supreme Court in discussing Section 2 of the Suits in Admiralty Act, by way of dictum, in referring to cases on an analogous situation under the Tucker Act, 28 U.S.C.A. § 1402, stated as to venue that it "could be and was waived by failure to object before pleading to the merits", the language immediately following, that "An analogous provision in the Jones Act, 41 Stat. 1007, 46 U.S.C. § 688, 46 U.S.C.A. § 688, was construed the same way", shows clearly [13] that the sole purpose of such statements was to stress the fact that the problem was one of venue and not intended to convey any thought that an objection to venue must be raised by special appearance. In the absence of any specific provision to the contrary in the Admiralty Rules, the same liberal construction would seem to be applicable here.

The Exceptions to the Answer are accordingly dismissed.

---

[5] Schiavone-Bonomo Corporation v. Buffalo Barge Towing Corporation, 2 Cir., 134 F.2d 1022.

[6] Federal Rules of Civil Procedure, Rule 12(a), 28 U.S.C.A., and see comments of Advisory Committee on Rules, 28 U.S.C.A. under Rule 12(a).

[7] Paragraph 13 of Answer.

[8] 46 U.S.C.A. § 688.

[9] Armstrong v. Land, D.C.D.C., 66 F. Supp. 253.

[10] Desrochers v. United States, 2 Cir., 105 F.2d 919, certiorari stricken, 308 U.S. 519, 60 S.Ct. 180, 84 L.Ed. 441.

[11] 28 U.S.C.A.—Commentaries under Rule 12.

[12] Branic v. Wheeling Steel Corporation, 3 Cir., 152 F.2d 887, certiorari denied 327 U.S. 801, 66 S.Ct. 902, 90 L.Ed. 1026.

While not finding it necessary to go as far as the court did in Abbott v. United States, D.C., 61 F.Supp. 989, the position here taken is amply supported by that case.

We are not in disagreement with the Silk case, supra, where it was held that going to trial on the merits constituted a waiver of all question of venue. We are also familiar with the rule set down in Paren v. United States, 1948 A.M.C. p. 288, and in The Ucayali, D.C., 47 F.Supp. 203. In the Paren case seventy-seven days elapsed from the date of filing the libel and the filing of exceptions (the reported opinion does not indicate date of service), so apparently the analogy to the sixty day allowance to the Government was substantially exceeded and the case can be distinguished for that reason. The Ucayali case is not unlike the Silk case in that the testimony of the Master was taken for use on the trial of the cause on the merits.

Whether the matter of venue is raised on motion or in the answer is essentially a matter of choice or convenience and nothing is waived by making such objections in the answer. The real test is, has it been made timely? Following the analogy of Rule 12 of the Rules of Civil Procedure, I am of the opinion there can be no criticism on that score.

[13] See Commentary on Maritime Workers, 6. How venue may be questioned, 46 U.S.C.A., Pocket Part, preceding section 688.