## UNTERSINGER v. UNITED STATES.
No. 17, Docket 20989.

United States Court of Appeals
Second Circuit.
Feb. 1, 1949.

Paul C. Matthews, of New York City (Archibald F. McGrath, of New York City, of counsel), for appellant.

Kirlin, Campbell, Hickox & Keating, of New York City (Joseph M. Cunningham, Raymond Parmer and Charles N. Fiddler, all of New York City, of counsel), for appellee.

Before L. HAND, Chief Judge, and SWAN and CHASE, Circuit Judges.

SWAN, Circuit Judge.

This is a libel in personam to recover damages, as well as maintenance and cure, resulting from injuries alleged to have been sustained by the libellant while employed as a messman on the S. S. Bull Run, a merchant vessel owned by the United States and operated for its account. At a pre-trial hearing the respondent moved for dismissal of the libel on the ground that the court lacked jurisdiction because the suit was not brought in the proper district. The motion was granted pursuant to an opinion.[1] From the resulting decree of dismissal the libellant has appealed. The correctness of the decision depends upon whether or not the United States waived the defect in venue by answering to the merits, when its answer also set up defenses alleging lack of jurisdiction because the vessel was not within the United States when the libel was filed, and improper venue.[2]

The Suits in Admiralty Act, §§ 1–12, 46 U.S.C.A. §§ 741–752, provides the exclusive remedy in admiralty against the United States for a maritime tort. Brady v. Roosevelt S. S. Co., 317 U.S. 575, 577, 63 S.Ct. 425, 87 L.Ed. 471. Section 742 directs that a libel in personam shall be brought either in the district in which the libellant resides or has his principal place

---

[1] "Inasmuch as the infant on whose behalf this suit was brought is a non-resident of this district, and since the merchant ship on which he was injured and which was owned by the United States, was not within this jurisdiction when suit was brought, the libel must be dismissed. Sawyer v. United States, D.C., 66 F.Supp. 271 [1946 A.M.C. 420]; Abbott v. United States, D.C., 61 F.Supp. 989 [1945 A.M.C. 728]. Respondent has not waived any right with respect either to venue or jurisdiction. It has insisted from the outset that this court is without authority to pass on the merits of libelant's claim. Unfortunate as is the result, there is no alternative to a dismissal." [74 F.Supp. 155]

[2] The fourth defense read as follows: "Respondent objects to the exercise by this Court of jurisdiction in this action on the ground that the action has not been brought in the proper District."

of business, or in the district in which the vessel charged with liability is found. The libel contained no allegation as to the residence of the libellant or the whereabouts of the vessel. At the pre-trial hearing it appeared that the libellant was not a resident of the southern district of New York when the libel was filed, January 29, 1946, nor at any time during the pendency of the suit; and that the steamer Bull Run was not within the United States at the time the libel was filed.

■ When the district court rendered its decision, it had not been authoritatively determined whether the statutory provisions as to the place of bringing suit pertained to jurisdiction or to venue. But on November 8, 1948, in Hoiness v. United States, 335 U.S. 297, 69 S.Ct. 70, 73, the Supreme Court held that such provisions are not jurisdictional but relate merely to venue; and the opinion concluded: "But if the United States is willing to defend in a different place, we find nothing in the Act to prevent it." In the Hoiness case the United States had demonstrated such willingness; no exceptions to the libel and no motion to dismiss were filed, the case was heard on the merits, and after submission the trial judge sua sponte dismissed it for lack of jurisdiction. Hoiness v. United States, D.C.N.D.Cal., 75 F.Supp. 289. Plainly any defect in venue was waived by going to trial.

The appellant insists that the defect in venue, which the pre-trial hearing developed, was waived by the answer previously filed by the respondent. If the test of waiver is, as suggested by the Supreme Court in the Hoiness opinion, the willingness of the United States to defend in a district other than those specified in the statute, it is clear that the answer negatived any such willingness, for it expressly alleged lack of jurisdiction and improper venue, notwithstanding that it also answered the merits. Hence waiver, if it exists, must be found in the technical rule that a general appearance or answer to the merits precludes a special appearance for the purpose of objecting to venue. Texas & Pacific Railway Co. v. Cox, 145 U.S. 593, 603, 12 S.Ct. 905, 36 L.Ed. 829. This was, indeed, the old common law rule and was apparently based on the motion that by pleading to the merits a defendant came before the court and could not thereafter say that he was not in court. Chitty on Pleadings, 16th Am.Ed., Vol. 1, pp. 443-4. This highly technical rule of the common law was applied by this court in a libel brought under the Suits in Admiralty Act in Kunglig Jarnvagsstyrelsen v. United States, 2 Cir., 19 F.2d 761, 763 where we held that exceptions which were a plea to the merits, although coupled with objections to venue, constituted a waiver of the defect in venue. There may be some doubt whether this decision accorded with the general practice in admiralty.[3] But however that may be, the appellee contends that the Kunglig case should no longer be followed, since the common law rule, on which the decision rested, no longer obtains in civil actions in the federal courts because of the adoption of the Federal Rules of Civil Procedure, 28 U.S.C.A. Under Rule 12(b) the joining of objections to venue with a plea to the merits does not constitute a waiver of improper venue. Orange Theatre Corporation v. Rayherstz Amusement Corporation, 3 Cir., 139 F.2d 871, 874; Blank v. Bitker, 7 Cir., 135 F.2d 962, 966. We think the appellee's position is well taken.

■ It has long been recognized that "the rules of pleading in the admiralty are exceedingly simple and free from technical requirements." Dupont de Nemours & Co. v. Vance, 19 How. 162, 171, 15 L.Ed. 584; see also 2 Benedict on Admiralty, 6th ed., § 223. In Boston Ins. Co. v. City of New York, 2 Cir., 130 F.2d 156, this court stated that although the Federal Rules of Federal Procedure have not yet been extended to admiralty, the "practice in admiralty is concededly extremely plastic

[3] In The Troy Socony, D.C.E.D.N.Y., 18 F.2d 629, 631, Judge Campbell said: "The contention of the petitioner that the respondent, having pleaded in the fourth exception to the merits, has waived its exceptions on jurisdictional grounds, while well supported as to cases on the law side of the court, finds no support in admiralty, in which it is not uncommon to join exceptions with the answer." See also The Elisabeth Van Belgie, D.C.S.D. Fla., 248 F. 1006, 1007; The Lindrup, D. C.Minn., 70 F. 718, 719.

and always has been so", citing the Dupont case, supra, "and it is legitimate to treat it as not immune to some of the changes in procedure elsewhere." Now that the highly technical and somewhat metaphysical rule of waiver has been done away with in civil actions in the federal courts, we think that a similar liberalization should by analogy be recognized in admiralty procedure. We find nothing in the General Admiralty Rules promulgated by the Supreme Court, 28 U.S.C.A., to stand in the way. In 2 Benedict on Admiralty, 6th ed., § 233, the author, after referring to general and special appearances and stating that a general appearance will, if practicable, be regarded as a waiver of any personal exemption or privilege, continues: "There is no rule on the point; it has been sufficiently settled by the cases and the customary practice. The Civil Rules are to the same effect; lack of jurisdiction of the person must be raised by objection, and is waived if not raised by motion, answer or reply: Rule 12(b) and (h)." As previously stated, the Hoiness opinion suggests that the inquiry as to waiver should be whether the United States has done anything in the suit to indicate its willingness to defend, despite the bringing of the suit in the wrong district. Certainly the answer did not show such willingness; it showed the opposite. The libel did not disclose whether the venue was proper or improper. Waiver presupposes knowledge of the defect which is waived. Abbott v. United States, D.C.S.D.N.Y., 61 F.Supp. 989, 991. The facts which disclosed the defect were brought out at the pre-trial hearing and a motion to dismiss was then made. Very recently Judge Follmer held in Walsh v. United States, D.C.E.D.Pa., 81 F.Supp. 667, that there was no waiver where an objection to venue had been made in the answer which also pleaded to the merits. We agree with this decision.

Accordingly the decree is affirmed, but with leave granted to the libellant, if he so desires, to apply within 30 days to the district court, under § 1404 of Title 28 U.S.C.A., 1948 revision, to transfer the action to any other district where it might have been brought. Whether that section is applicable to the present cause and whether the action should be transferred are questions for the district court upon which we intimate no opinion.