**PODGORSKI v. UNITED STATES et al.**

No. 10110.

United States Court of Appeals Third Circuit.

Argued April 6, 1950.

Decided July 27, 1950.

Martin J. Vidgerman, Philadelphia, Pa., for appellant.

T. J. Mahoney, Jr., Philadelphia, Pa., for respondent.

Before BIGGS, Chief Judge, and GOODRICH and HASTIE, Circuit Judges.

HASTIE, Circuit Judge.

A libel in personam filed by a merchant seaman in the District Court for the Eastern District of Pennsylvania against the United States under the Suits in Admiralty Act [1] was dismissed on objection of the government to the venue. The question on appeal is whether the privilege of objecting to venue had been waived.

The suit was filed in Philadelphia November 17, 1947. In March, 1948, the proctor for the United States learned that libellant was a resident of Camden, New Jersey, and thus that the District of New Jersey rather than the Eastern District of Pennsylvania was the proper venue for this libel.[2] On August 9, 1948, the United States filed its answer on the merits. At the end of the pleading there was included a sentence asserting that the court "lacks jurisdiction" because "libellant does not reside within this district". The case was duly calendared for trial. On September 22, 1949, the respondent filed interrogatories relevant to the merits of the litigation. Thereafter, on September 28, 1949, the United States moved to dismiss the libel for improper venue. The motion was heard and on November 23, 1949, more than two years after the filing of the original pleading, a decree was entered dismissing the libel for improper venue.

It is noteworthy that only two miles of city streets and a paved bridgeway separate the United States Courthouse in Philadelphia where the proceedings below occurred from the United States Courthouse in Camden, New Jersey, where the matter would normally have been heard had venue been laid properly. By subway or by motor car the journey requires only a few minutes. For the robust it is but a pleasant walk.

In these circumstances and with the cause ready for trial before a court of the United States in Philadelphia, dismissal on the ground that the suit should have been filed in a coordinate court of the United States in Camden is hurtful rather than helpful to the orderly and efficient administration of justice. Such technicality should be avoided unless the statute makes dismissal mandatory.

█ It is now authoritatively established that the provision of Section 2 of the Suits in Admiralty Act laying venue in the district where the party suing resides is not jurisdictional but merely confers a privilege of objecting to suit elsewhere which

---

1. 41 Stat. 525, Act March 9, 1920, 46 U.S.C.A. §§ 741–752.

2. § 2 of the Suits in Admiralty Act 1920, 41 Stat. 525, 46 U.S.C.A. § 742, provides:
   "Libel in personam

"* * * Such suits shall be brought in the district court of the United States for the district in which the parties so suing, or any of them, reside or have their principal place of business in the United States * *."

the United States can waive. Hoiness v. United States, 1948, 335 U.S. 297, 69 S.Ct. 70, 93 L.Ed. 16.

■ Formerly, when rules of pleading were stricter and more artificial, an answer on the merits, or even a general appearance, constituted a waiver of objection to venue. St. Louis and San Francisco Railway Co. v. McBride, 1891, 141 U.S. 127, 11 S.Ct. 982, 35 L.Ed. 659; Interior Construction and Improvement Co. v. Gibney, 1895, 160 U.S. 217, 16 S.Ct. 272, 40 L.Ed. 401; Lee v. Chesapeake & Ohio Railway Co., 1923, 260 U.S. 653, 43 S.Ct. 230, 67 L.Ed. 443. And although the new Rules of Civil Procedure permit inclusion of objections to venue in the answer in a civil case,[3] the Supreme Court indicated in a recent dictum that under the Suits in Admiralty Act an objection to venue still must precede answer, citing with approval such holdings under similar venue provisions. See Hoiness v. United States, supra, 335 U.S. at pages 301–302, 69 S.Ct. at page 72. But to decide this case we need not go that far. It is enough to invoke the more general underlying principle that unreasonable delay in asserting and pursuing objections to venue constitutes waiver. The history and circumstances of this case reveal such delay.

■ If respondent preferred trial in Camden to trial in Philadelphia, it would not have been burdensome to challenge venue promptly after the libellant's residence was discovered in March 1948. Instead the respondent waited five months, and even then did not seek prompt action but inserted its objection routinely as an item in its answer. Thereafter it waited another year until September 1949, after the case was calendared for trial, to file a motion to dismiss for improper venue which could as well have been filed eighteen months earlier. The proximity of Philadelphia and Camden and the absence of any showing of inconvenience or prejudice resulting from proceeding in the Pennsylvania forum reinforce the conclusion, implicit in respondent's entire course of conduct, that venue was not important in respondent's view or in fact.

In all the circumstances, the conduct of respondent constituted a waiver of objection to venue. The order of dismissal must be set aside and the libel reinstated.

Accordingly, the judgment will be reversed and the cause remanded for further proceedings consistent with this opinion.