Geraldine NOLAN et al., Plaintiffs-Appellants,

v.

James E. BAILEY et al., Defendants-Appellees.

No. 12226.

United States Court of Appeals Seventh Circuit.

May 8, 1958.

Rehearing Denied June 2, 1958.

Philip M. Cagen, James J. McGarvey, Valparaiso, Ind., for plaintiffs-appellants.

Alfred F. Newkirk Giffin, Winning, Lindner & Newkirk, Springfield, Ill., for defendants-appellees.

Before DUFFY, Chief Judge, and FINNEGAN and PARKINSON, Circuit Judges.

PARKINSON, Circuit Judge.

This action in damages for alleged wrongful death of two guest passengers

arose out of a collision on U. S. Highway 66 in McLean County, Illinois on August 7, 1956 between a Cadillac automobile in which the decedents were riding and a tractor-trailer.

The cause was tried to a jury. Defendants moved for a directed verdict at the conclusion of plaintiffs' case and again at the close of all the evidence. The trial court reserved its rulings thereon and submitted the cause to the jury. The jury, having failed to agree upon a verdict, was discharged and trial *de novo* ordered. Two days thereafter the defendants filed a motion to set aside the order for trial *de novo* and "for judgments in accordance with their motions for directed verdicts".

On November 22, 1957 the District Court set aside the order for trial *de novo*, ordered the clerk to record a verdict by jury in favor of the defendants at the close of all the evidence and judgment on the order. The plaintiffs do not question this procedure here.

On December 6, 1957 the plaintiffs filed notice of appeal from the order directing the jury to return a verdict against plaintiffs. They also filed appeal bond conditioned upon prosecution of their appeal "from the judgment * * * entered November 22, 1957."

The defendants have filed a motion to dismiss this appeal grounded upon the plaintiffs' notice of appeal stating that they were appealing from the order directing a verdict for the defendants rather than the judgment simultaneously entered thereon. We withheld disposition of this motion until the case was heard on the merits.

■ Prior to the *per curiam* opinion of the Supreme Court reversing the Court of Appeals for the Ninth Circuit, 225 F.2d 876, in State Farm Mutual Automobile Insurance Co. v. Palmer, 1956, 350 U.S. 944, 76 S.Ct. 321, 100 L.Ed. 823, a somewhat narrow construction was applied to Rule 73(b), Federal Rules of Civil Procedure, 28 U.S.C.A., providing that the notice of appeal "shall designate the judgment or part thereof appealed from". However, we agree with the Eighth Circuit in the case of Railway Express Agency, Inc., v. Epperson, 1957, 240 F.2d 189, 192, that the inference to be drawn from State Farm Mutual is "that failure to designate in the notice of appeal the judgment complained of is not a fatal defect if the intent of the appellant to appeal from the judgment may be inferred from the text of the notice and if the appellee has not been misled by the defect."

■ Here the order of the District Court directing a verdict against the plaintiffs and the judgment were included in the same entry on November 22, 1957. At the same time the plaintiffs filed their notice of appeal they filed an appeal bond on appeal from the judgment. In line with the recent decisions of the Supreme Court the intent of the appellants to appeal from the judgment may be inferred from the text of the notice and the appellees have not been misled. Accordingly the motion to dismiss is denied.

The District Court concluded that a verdict should be entered for the defendants "solely for the reason that there is no evidence showing any negligence on the part of the Defendants that proximately contributed to the injury."

The parties are in agreement that the trial court, when ruling on a motion by the defendants for a directed verdict, is precluded from weighing conflicting evidence or from passing on the credibility of witnesses and may consider only the evidence favorable to the plaintiffs and all reasonable inferences which may be drawn therefrom which tend to support the plaintiffs' case; that the motion should be granted only when the evidence is such that there are no controverted issues of fact upon which reasonable men could differ; and that it should be denied unless there is a lack of substantial evidence supporting the plaintiffs' case. Thus, if there is conflicting testimony as to the cause of the collision, the decision of which witness is telling the truth and the inferences to be drawn from the evidence is for the jury.

The collision occurred at the intersection of U.S. 66 and the McLean Road in McLean County, Illinois. This intersection is on a wide sweeping curve 1500 feet south of the center of a bridge or overpass. U.S. 66 is a concrete four lane divided highway with two 12 foot lanes for southbound traffic and two 12 foot lanes for northbound traffic with a 40 foot grass parkway in between. McLean Road is a black top road running generally east and west. At the intersection there is a concrete cross-over between the northbound and southbound lanes on U.S. 66 with a "yield right-of-way" sign for traffic going west across the southbound lanes.

Prior to the collision the defendant Bailey was driving a tractor-trailer unit north on U.S. 66. The overall length of the unit was 45 feet. As he approached the crossover at the intersection he turned to his left on the crossover to cross the southbound traffic lanes of 66 and go west on McLean Road. He was traveling at a speed of approximately 10 miles per hour as he made his left turn and passed the "yield right-of-way" sign. His speed remained about the same as he proceeded into and across the southbound lanes of 66. He testified that as he entered the southbound lanes he saw the Cadillac in which plaintiffs' decedents were riding just coming off the bridge and he thought he "could make it." He never looked at the Cadillac again.

Dorothy Badkey, the driver of the Cadillac, testified that she was on the south end of the bridge when she saw the tractor-trailer making a left turn into the crossover. She was traveling at a speed of 60 to 65 miles per hour. She was familiar with the highway and knew there was a "yield right-of-way" sign at the crossover directed to traffic entering the southbound lanes of 66. When she was about half-way between the bridge and the intersection she saw the tractor-trailer in the crossover and "presumed that he would stop there". She reduced her speed by about 10 miles per hour. When she was about half that distance away she saw the tractor-trailer in the southbound lanes. She applied her brakes causing skid marks on the pavement for approximately 42 feet. The front end of the Cadillac collided with the side of the trailer about 8 or 10 feet from the rear.

■ The defendants state as the sole contested issue on this appeal "viewing the evidence in the light most favorable to the plaintiffs with all reasonable inference therefrom, was there sufficient evidence to go to the jury as to defendant's failure to yield the right of way as the proximate cause of the plaintiffs' injuries." Our answer is, yes. In short, whether defendant Bailey was negligent was a jury question and the District Court was in error when it directed a verdict for the defendants. Moreover, subsection (b) of § 167a, Chapter 95½ Illinois Revised Statutes 1957 is a rule of law and not a rule of evidence. Johnson v. Pendergast, 1923, 308 Ill. 255, 139 N.E. 407. Proof of the collision was *prima facie* evidence of Bailey's failure to yield the right-of-way and whether the evidence offered by the defendants was a sufficient defense was a jury question.

■ The plaintiffs contend that the trial court erred in inquiring, in the presence of the jury, if the parties had any exceptions to the court's charge. This contention is entirely without merit. Rule 51 of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides for making objections to instructions out of the hearing of the jury. The plaintiffs had no objections and counsel so stated. If counsel for plaintiffs had desired to object and had been denied the opportunity to do so out of the hearing of the jury a different question would be presented.

Plaintiffs also complain of the trial court's refusal to admit in evidence pictures of the plaintiffs' decedents taken during their lifetime. Under this record the trial court committed no error in so ruling.

The judgment is reversed and the cause remanded for new trial.