**Leffert HOLZ (Thomas Thatcher, Successor) Superintendent of Insurance of the State of New York as Liquidator of The Preferred Accident Insurance Company of New York, Plaintiff-Appellee,**

v.

**Alexander SMULLAN, Defendant-Appellant.**

**No. 12758.**

United States Court of Appeals
Seventh Circuit.

March 28, 1960.

Rehearing Denied May 3, 1960.

Maurice James Moriarty, Chicago, Ill., for appellant.

Thomas E. Moran, Chicago, Ill., J. M. Rosenfield, Chicago, Ill., for plaintiff-appellee. Rothbart & Rosenfield, Chicago, Ill., of counsel.

Before DUFFY and CASTLE, Circuit Judges, and SWYGERT, District Judge.

DUFFY, Circuit Judge.

This suit was brought by plaintiff as Domiciliary Liquidator of a New York insurance company to require defendant, as agent of said company, to account for moneys allegedly received by defendant on policies of insurance issued by that company. On June 21, 1957, the District Court, by Judge Barnes, entered what was designated as an "interlocutory judgment," requiring defendant to account, and referring the accounting to a master.

On July 1, 1957, defendant filed objections to the appointment of a master, claiming the amounts to be ascertained by the reference had already been ascertained by means of interrogatories. After the retirement of Judge Barnes from the Court, the case was transferred to Judge Campbell. After holding a pretrial conference, an order was entered by Judge Campbell setting aside the reference to a master. On January 8, 1959, Judge Campbell filed findings of fact, and ordered defendant to account to plaintiff for $5,861.65 with an offset of $184.-71.

A judgment order was entered February 18, 1959, directing that plaintiff recover from defendant $7,880.62 and costs. Although the record does not disclose it, we assume the difference in the amounts reflected in the order of January 8, 1959 which "adjudged" $5,861.65 to be due (less $184.71 offset) and the figure of

$7,880.62 in the judgment order of February 18, 1959, is due to accrued interest.

On February 25, 1959, defendant filed a motion that said judgment be vacated and set aside and for a new trial. He also moved for an arrest of judgment. On May 4, 1959, the District Court denied defendant's motions for a new trial and in arrest of judgment. On May 29, defendant filed a notice of appeal in the following form:

"Please take notice that Alexander Smullan, defendant in the above entitled cause, hereby appeals to the U. S. Court of Appeals for the Seventh Circuit from the order entered in the U. S. District Court, Northern District of Illinois, Eastern Division, on May 4, 1959 denying the defendant's motions for a new trial and for arrest of judgment."

On April 1, 1949, the Preferred Accident Insurance Company of New York [Preferred] entered into an agency agreement with defendant under which defendant wrote a considerable number of insurance policies. On April 30, 1951, by order of the Supreme Court of the State of New York, the Superintendent of Insurance of that State took possession of Preferred in order to liquidate its business and affairs. The order vested in the Superintendent of Insurance of New York all the property, contracts and rights of Preferred.

Plaintiff commenced this suit on October 6, 1955, seeking an accounting for certain unearned premiums which had been collected by defendant. The answer admitted defendant had received and collected insurance premiums on policies issued by Preferred, but set up an affirmative defense of accord and satisfaction with J. Edward Day, Director of Insurance for the State of Illinois, as ancillary liquidator of Preferred.

On May 10, 1951, the Circuit Court of Cook County, Illinois, appointed J. Edward Day as ancillary liquidator for Preferred, granting him power to proceed with the liquidation of Preferred in Illinois. On November 2, 1951, Day, as ancillary liquidator, sent to defendant a statement of his account with Preferred as of April 30, 1951, the date when Preferred was placed in liquidation.

On March 6, 1952, Day, as Liquidator of Preferred, sent to defendant a revised statement of account stating: "You will please note that allowances have been made on flat cancellations and also on pro-rata cancellations." It was and is defendant's contention that Preferred, having gone out of business, was not entitled to the unearned premiums on policies which it had issued but which were no longer in force and effect. It is clear from the record before us that defendant, with the permission of the ancillary liquidator, returned all unearned premiums to those who had purchased "Preferred" insurance policies from him as well as brokers and agents. In fact, plaintiff does not claim that defendant personally appropriated the unearned premiums. He contends that defendant had no right or authority to refund same, and seeks to hold him personally responsible for so doing.

We are met with a threshold question raised by plaintiff's motion to dismiss the appeal. It is urged the order of May 4, 1959 appealed from is not an appealable order. Further, that the contested issues before us were all decided adversely to defendant by the trial court on June 21, 1957, hence defendant's notice of appeal filed May 29, 1959 was not timely.

Rule 73, Federal Rules of Civil Procedure, 28 U.S.C.A., covers the procedure to be taken in an appeal from a District Court to a Court of Appeals. Subsection (d) specifically provides: "The notice of appeal * * * shall designate the judgment or part thereof appealed from * * * ." The notice of appeal in the instant case did not do so,—indeed, it did not mention the judgment at all. It stated the appeal is taken from the order entered "on May 4, 1959 denying the defendant's motion for a new trial and for arrest of judgment."

Not too many years ago, it was almost Hornbook law that such a notice of ap-

peal would be held insufficient, but then came the *per curiam* opinion of the Supreme Court in State Farm Mutual Automobile Insurance Company v. Palmer, 350 U.S. 944, 76 S.Ct. 321, 100 L.Ed. 823, dated January 16, 1956, reversing the decision of the Ninth Circuit appearing in 225 F.2d 876, 877.

In the Palmer case, judgment had been entered for plaintiff on July 6, 1954. Defendant filed a motion for a new trial and to amend the findings. This motion was denied on August 24, 1954. Defendant filed a notice of appeal "from the order entered in the above-entitled and numbered cause on August 24, 1954." The Court of Appeals dismissed the appeal on the ground the order appealed from was not appealable. The Court said the only final decision which could have been appealed from was the judgment of July 6, 1954. The only information given by the Supreme Court as a reason for its reversal was the citation of two cases, Hoiness v. United States, 335 U.S. 297, 69 S.Ct. 70, 93 L.Ed. 16 and United States v. Ellicott, 223 U.S. 524, 32 S.Ct. 334, 56 L.Ed. 535.

In Nolan v. Bailey, 7 Cir., 1958, 254 F.2d 638, we interpreted the Supreme Court's decision in State Farm Mutual Automobile Insurance Company v. Palmer, supra, to mean that a failure to designate the judgment complained of in the notice of appeal is not a fatal defect, if the intent of the appellant to appeal from the judgment may be inferred from the text of the notice, and if appellee has not been misled by the defect. We cited the Eighth Circuit case, Railway Express Agency, Inc. v. Epperson, 240 F.2d 189, 192, where the same conclusion had been reached.

In the instant case, there is no claim or proof that appellee was misled. We think we may properly infer an intent by the appellant to appeal from the judgment. Therefore, the motion to dismiss the appeal on the basis of a defect in the notice of appeal is denied.

As a second ground for the dismissal of the appeal, plaintiff argues that all of the contested issues, as listed by defendant upon the instant appeal, were decided adversely to the defendant by the judgment which was entered by Judge Barnes on June 21, 1957. Plaintiff contends the notice of appeal filed May 29, 1959, was not timely, and this Court has no jurisdiction to review. We do not agree.

We have jurisdiction to review appeals from final decisions of the District Courts. 28 U.S.C.A. § 1291. The judgment dated June 21, 1957, which was prepared as to form by plaintiff's counsel was designated "Interlocutory Judgment." We think it was just that. The judgment itself demonstrates it was not final. It decreed that plaintiff was entitled to an accounting for premiums and other sums of money collected by defendant. The judgment specified certain deductions which defendant was entitled to receive. The matter of the accounting was referred to a master. We hold the motion to dismiss, based upon the contention that the judgment entered June 21, 1957 was final, must be and is denied.

Turning now to the merits, appellant urges that the law of Illinois governs, as the contract between appellant and Preferred was entered into in Illinois, and by its terms was to be performed in that state. Appellee does not argue contrary to this general rule, but does contend that in cases of liquidation, the statutes of the Insurance Company's domicile are part of its charter and binding upon all who do business with it. Appellee cites People ex rel. Jones v. Chicago Lloyds, 391 Ill. 492, 63 N.E.2d 479; and Illinois Insurance Code Annotated (1939, page 352), S.H.A. ch. 73, § 613 et seq.

These authorities do support the proposition that a liquidator may bring an action to recover property belonging to the liquidated company, outside of the jurisdiction of the court appointing him when, by his appointment, he was vested with title to all of the assets of the company. However, they do not resolve the question whether the duties or authority of an ancillary liquidator are to be de-

termined by the law of the forum appointing him, or by the law of the state of the domicile of the liquidated company.

■ Appellee also claims that the District Court sitting in Illinois must give full faith and credit to the laws of New York, and urges the rights of both the domiciliary liquidator appointed in New York and the ancillary liquidator appointed in Illinois, must be determined by the laws of New York. We think the proper application of the full faith and credit clause does not mean that the ancillary liquidator, appointed pursuant to Illinois law, must look to the laws of New York to determine his rights and duties.

■ As to corporations generally, it has been repeatedly held that the qualification of a foreign corporation in accordance with the statutes permitting its entry into a state constitutes an assent on its part to all reasonable conditions imposed. State of Washington ex rel. Bond & Goodwin & Tucker, Inc. v. Superior Court of Washington for Spokane County, 289 U.S. 361, 364–365, 53 S.Ct. 624, 77 L.Ed. 1256.

As to insurance companies, this Court said in New England Mutual Life Insurance Company v. Olin, 7 Cir., 114 F.2d 131, 137: "Legislation regulating insurance falls properly within the exercise of the state police power."

The rule is stated in 44 C.J.S. Insurance § 56, as follows: "Since, * * * the insurance business is affected with public interest, it is competent for the state, under its police power or as creator or controller of corporations, to determine who may engage in the business within its boundaries, and to prescribe terms and conditions on which the business may be conducted, and generally to regulate the business and all persons engaged in it, whether as individuals, partnerships, voluntary associations, or corporations."

■ In the instant case, the defendant, with the approval of the ancillary liquidator, had refunded unearned premiums. Under Illinois law, Preferred was not entitled to the payment of such premiums. In Farmers & Merchants Insurance Company v. Smith, 63 Ill. 187, the receivers of an insolvent insurance company brought suit against the insured to recover on a promissory note given for the payment of premiums on a policy of fire insurance. The policy was for a term of five years and the insurance company went into receivership during the second year of the policy. The Illinois Supreme Court said, at page 189: "We do not understand on what ground a bankrupt company can continue to claim an annual payment for protection against fire, which it does not pretend to be able to furnish."

Following the same reasoning, the Illinois Supreme Court, in Smith v. Binder, 75 Ill. 492, held that an insured could collect unearned premiums in the possession of an agent of the insurer at the date of liquidation. In that case, the policy of insurance had been issued, but the agent had not remitted the premiums to the company prior to the time it became insolvent. The Illinois Supreme Court stated, at page 494: "Had appellee (insured) given a promissory note for the insurance, it is clear no recovery could have been had upon it by the company. ¶Upon the same principle, the money of the appellee paid for the insurance not having reached the company, and the consideration for which it was to be paid to the insurance company having failed, we perceive no ground upon which the company could maintain an action for its recovery."

Appellee seeks to distinguish the Smith case on the basis it was an action brought by a policy holder. However, we do not think the case can be distinguished on this ground. If, under Illinois law, the agent would have been liable to a policy holder who brought an action to recover on one of the unearned premiums here in issue, the agent should not be held liable to the representative of the insurer because he returned the premiums to the policy holder who was entitled to them. This is especially true

where the return of the unearned premiums was made with the approval of the ancillary liquidator, who had the same powers and duties with respect to assets of Preferred located in Illinois as possessed by a domiciliary liquidator.

Reversed with directions to dismiss the complaint and the action.

Reversed.