**HAWKEYE–SECURITY INSURANCE COMPANY, Plaintiff-Appellee,**

v.

**John SCHULTE, Sr., and John Schulte, Jr., Defendants-Appellees,**

**Joseph Ginley, Defendant-Appellant.**

**No. 13514.**

United States Court of Appeals
Seventh Circuit.

May 2, 1962.

E. T. Cunningham, Chicago, Ill., Anna R. Lavin, Chicago, Ill., of counsel, for appellant.

Paul A. LaRocque and Herbert D. Jones, Jr., Chicago, Ill., for appellees.

Before HASTINGS, Chief Judge, and DUFFY and KILEY, Circuit Judges.

HASTINGS, Chief Judge.

On September 26, 1954, an automobile collision occurred between a 1946 De-Soto owned by John Schulte, Sr., driven

York v. N. L. R. B., supra, 305 U.S. at p. 222, 59 S.Ct. 206, 83 L.Ed. 126; N. L.

R. B. v. Reliance Fuel Oil Corp., supra, 297 F.2d at p. 98.

by John Schulte, Jr., and a motor vehicle operated by Joseph Ginley. After the accident, Ginley instituted an action in the Circuit Court of Cook County, Illinois claiming damages as a result of the collision. The two Schultes were named as defendants therein.

Hawkeye-Security Insurance Company issued its policy of automobile liability insurance on January 27, 1954 in the usual form insuring John Schulte, Sr.[1] from damages resulting from the ownership, maintenance or use of a certain described 1950 Riviera Tudor automobile. On March 20, 1954, the policy was amended by endorsement to include the 1946 DeSoto involved in the above accident. By a separate endorsement under the same date, the additional coverage of the DeSoto was limited in its application as therein set out.

Demand was made by John Schulte, Jr. that said insurance carrier defend him in the state court action filed by Ginley.

While Ginley's state court action was pending awaiting trial, Hawkeye-Security Insurance Company, appellee herein, filed the instant action for declaratory judgment in the district court on October 9, 1956. Named as defendants therein were John Schulte, Sr., John Schulte, Jr., and Joseph Ginley, sole appellant herein. These are the same parties involved in the foregoing accident and state court litigation.

By its complaint, appellee sought a declaration that under the terms and conditions of its policy as amended by the above described endorsements, it had no obligation to John Schulte, Jr., arising out of said accident involved in the pending state court suit. It also sought to enjoin the three defendants from proceeding further in the state court action pending determination of this proceeding.

The requested injunction was granted on the day the complaint was filed.

The theory of appellee's complaint for declaratory judgment is that by the express terms of the two endorsements on its policy extending coverage to the 1946 DeSoto its obligation was limited to the operation of such car by the named insured and did not extend to John Schulte, Jr.

On March 28, 1961, after proper service of process, rule to answer and notice of default, defendants, John Schulte, Sr. and John Schulte, Jr., were defaulted. They make no complaint of such default and do not appeal from the judgment subsequently entered thereon.

Defendant Joseph Ginley, however, filed a timely answer to the complaint. By this answer, *inter alia,* he admitted that appellee amended its policy of insurance to include the 1946 DeSoto, "but has no knowledge of any limitations, terms or conditions of said additional coverage and demands strict proof thereof." He further denied that policy coverage was limited to automobiles driven by John Schulte, Sr., and that appellee owed no policy obligation to John Schulte, Jr.

Appellee moved for a default judgment against defendants, John Schulte, Sr. and John Schulte, Jr. After consideration of briefs filed thereon by appellee (Hawkeye) and appellant (Ginley), the district court entered a decree on July 10, 1961 declaring the two Schultes to be in default; that appellee was not obligated to defend them in the state court action; that appellee was not obligated to pay any judgment that might be rendered therein against them in such action; that appellee was not obligated to pay any damages on their behalf sustained by Ginley in the September 26, 1954 accident.

The district court further decreed:

"5. That the defendant, Joseph Ginley, is a nominal party, joined herein only for the purpose of restraining all the parties to the suit pending in the Illinois Circuit Court

---

1. The insured named in the policy is Jack Schulte, who is one and the same person as John Schulte, Sr., and for the sake of clarity will hereinafter be referred to as John Schulte, Sr.

of Cook County, in which he is a plaintiff.

"6. That defendant, Joseph Ginley, is entitled to no relief in this declaratory judgment suit predicated upon the insurance contract to which he was not a party.

"7. That the Court exercises its discretion in this declaration judgment suit and directs the dismissal of this suit against said nominal party, Joseph Ginley."

Ginley alone appeals from this decree for declaratory judgment. By its terms, he was precluded from litigating the issues raised by his answer to the complaint. The district court determined the merits of the complaint on the default of the other two defendants contrary to appellant's contentions.

■ We are met initially by appellee's contention that we do not have jurisdiction to hear this appeal. This argument is premised on the assertion that appellant's notice of appeal is insufficient. The notice of appeal states that appellant "hereby appeals * * * from the decree for declaratory judgment entered in this action on July 10, 1961, adjudging and decreeing * * *." The notice then sets out those portions of the decree adjudging that appellee is not liable on behalf of John Schulte, Jr. for injuries caused by him, but omits those portions which dismiss the suit against appellant and find him entitled to no relief.

It is clear that if these latter parts of the decree are not properly before us, the appeal must be dismissed. These are the holdings with which appellant takes issue.

Appellee contends that "defendant, by specifically setting forth in his Notice of Appeal those portions of the lower court's decree from which he was taking appeal, excluded all other portions of said decree." We do not agree.

Rule 73(b), Federal Rules of Civil Procedure, 28 U.S.C.A., provides: "The notice of appeal shall specify the parties taking the appeal; shall designate the judgment or part thereof appealed from; and shall name the court to which the appeal is taken. * * * *"

In Holz v. Smullan, 7 Cir., 277 F.2d 58 (1960), appellant had stated in his notice of appeal that he was appealing from an order of the lower court denying his motion for new trial. We held that such notice was sufficient to confer jurisdiction on this court to hear an appeal from a final judgment which was separate from the order denying the motion for new trial. We determined that failure to designate the judgment complained of is not necessarily a fatal defect. We said that the test to be applied is whether the intent of appellant to appeal from the judgment complained of may be inferred from the text of the notice and whether appellee has been misled by the defect. 277 F.2d at 61. State Farm Mutual Automobile Insurance Co. v. Palmer, 350 U. S. 944, 76 S.Ct. 321, 100 L.Ed. 823 (1956), reversing, 9 Cir., 225 F.2d 876; Nolan v. Bailey, 7 Cir., 254 F.2d 638 (1958); Railway Express Agency v. Epperson, 8 Cir., 240 F.2d 189 (1957); Martin v. Clarke, 7 Cir., 105 F.2d 685, 124 A.L.R. 497 (1939).

Appellant's notice of appeal is more than adequate to satisfy the foregoing test. It states correctly the judgment complained of. The intention to appeal from the judgment as a whole may be properly inferred from the notice, and appellee makes no claim of having been misled. By its terms, the notice of appeal does not limit the appeal to the parts set out as may be done under Rule 73(b).

We hold that the notice of appeal is sufficient to confer jurisdiction on us to hear an appeal from any portion of the district court's judgment entered on July 10, 1961.

We now consider appellant's contention that the court erred in holding him a nominal party and dismissing the case as to him.

■ The district court reasoned that because appellant was not a party to the contract of insurance he was merely a nominal party and that no actual controversy existed between him and appellee.

 

The Supreme Court has held that in a declaratory judgment action an actual controversy exists between an injured third party—not a party to the contract of insurance—and the plaintiff insurer. Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826 (1941).[2] See Annot., 142 A.L.R. 8 (1943). It would be anomalous to hold here that an actual controversy exists between appellant and appellee and yet deny appellant the right to participate in the controversy. Under these circumstances it has been held to be "plain error" to dismiss a state court plaintiff—such as appellant here—from a similar proceeding. Standard Accident Insurance Co. v. Meadows, 5 Cir., 125 F.2d 422 (1942).

Appellee argues that through the default of John Schulte, Jr. and John Schulte, Sr. the allegations of the complaint are to be taken as true. This argument assumes that they were the only parties entitled to contest the allegations of the complaint. Since appellant was a proper party, the default of these two defendants may not preclude appellant's right in this respect. See Vale v. Bonnett, 89 U.S.App.D.C. 116, 191 F.2d 334 (1951); New York Casualty Co. v. Lewellen, 8 Cir., 184 F.2d 891 (1950).[3]

Appellee voluntarily brought appellant into this litigation as a party defendant. Appellant, being a proper party to an actual controversy with appellee, should be heard to assert any proper defense raised by his answer to the complaint. The district court erred in dismissing appellant from this suit.

The judgment entered on default should be vacated in order to permit a hearing on the issues raised by the complaint and appellant's answer thereto.

For the foregoing reasons, it is ordered that the judgment and decree entered by the district court on July 10, 1961 be vacated and set aside. This cause is remanded to the district court for hearing on the issues drawn by appellee's complaint and appellant's answer thereto.

Judgment vacated and remanded.

2. Cf. Indemnity Insurance Co. of North America v. Kellas, 1 Cir., 173 F.2d 120 (1949), indicating that where there is no actual controversy between the insurer and the insured, the possibility of a future controversy between the injured party and the insurer is not an actual controversy and the court has no jurisdiction to entertain the suit for declaratory judgment.

3. In the Lewellen case, the injured third party contested the allegations of the complaint after default of an additional insured, the only other defendant. Plaintiff, however, did not contest the injured third party's right to do so.