706

Robert MORGAN

v.

The UNITED STATES.

Adm. No. 4376.

United States District Court
D. Maryland.

Sept. 11, 1962.

John J. Heise, Jr., Rockville, Md., Stephen D. Potts and Shaw, Pittman, Potts, Trowbridge & Madden, Washington, D. C., for libelant.

Joseph D. Tydings, U. S. Atty., Baltimore, Md., and Allen van Emmerik, Atty. Admiralty & Shipping Section, Dept. of Justice, Washington, D. C., for respondent.

THOMSEN, Chief Judge.

█ The government has excepted to a libel under the Public Vessels Act, 46 U.S.C.A. § 781 et seq., because it does not allege facts showing venue under sec. 782, which provides:

"Such suit shall be brought in the district court of the United States for the district in which the vessel or cargo charged with creating the liability is found within the United States, or if such vessel or cargo be outside the territorial waters of the United States, then in the district court of the United States for the district in which the parties so suing, or any of them, reside or have an office for the transaction of business in the United States; or in case none of such parties reside or have an office for the transaction of business in the United States, and such vessel or cargo be outside the territorial waters of the United States, then in any district court of the United States. * * *"

The libel shows that the accident upon which the claim of negligence is based occurred in New Jersey and that libelant is a resident of that state and district; however, the memoranda filed in connection with the exceptions indicate that the vessel was in the district of Maryland when the libel was filed.

█ It seems to be settled that the provisions of sec. 782 pertain to venue and are not a jurisdictional requirement. See Canadian Aviator, Ltd. v. United States, 324 U.S. 215, 65 S.Ct. 639, 89 L.Ed. 901; Hoiness v. United States, 335 U.S. 297, 69 S.Ct. 70, 93 L. Ed. 16; 2 Norris, The Law of Seamen, § 627. But whether it is necessary or not, it is the better practice to allege facts showing venue in libels filed under the Public Vessels Act. The exceptions, therefore, should be and they are hereby sustained, but, since the gov-

ernment does not dispute the fact that the vessel was in this district when the libel was filed, leave is hereby granted to amend the libel within 30 days, by interlineation or otherwise to show that the venue requirements are met.