LUMBERMEN'S MUTUAL INSURANCE COMPANY, Appellant,

v.

MASSACHUSETTS BONDING AND INSURANCE COMPANY, Appellee.

No. 8692.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 8, 1962.

Decided Nov. 8, 1962.

Thomas A. Mickler, Alexandria, Va., for appellant.

John A. K. Donovan, Falls Church, Va. (Donovan, Turnbull & Brophy, Falls Church, Va., on brief), for appellee.

Before BOREMAN and J. SPENCER BELL, Circuit Judges, and WINTER, District Judge.

J. SPENCER BELL, Circuit Judge.

This is an action upon a judgment of the Circuit Court of Fairfax County, Virginia, that was affirmed by the Supreme Court of Appeals of Virginia. The judgment of the Virginia Court was in favor of David J. Phillips against Alfonza Rowe, the negligent driver, and the Gersten Construction Company, Inc., as Rowe's employer, for personal injuries due to an automobile accident, in the amount of $20,000.00 plus costs and interest. Unable to collect the said judgment, Phillips filed this suit in the Circuit Court of Fairfax County against the insurers of the parties alleged to be responsible for his injuries. The suit was duly removed to the Federal District Court for diversity. Massachusetts Bonding and Insurance Company is the insurer of Gersten Construction Company, with limits of liability for personal injury in the amount of $500,000.00 per person. Jamestown Mutual Insurance Company is the insurer of George E. Jones, Jr., the owner of the automobile involved, with limits of liability for personal injury in the amount of $10,000.00 per person. Lumbermens Mutual Insurance Company is the insurer of Rowe, with limits of liability for personal injury in the amount of $15,000.00 per person.[1] A jury in this case found that

---

1. Fed.R.Civ.P. 20(a) allows this joinder of defendants since "there is asserted against them jointly, severally, or in the alternative, [a] right to relief in respect

Rowe was driving the car with the permission of Jones, the owner.

After this determination, Jamestown, as insurer of the owner, conceded its primary liability, and paid into the Registry of Court $10,000.00 plus half of the interest and costs, the limit of its policy. The issue before the Court is the respective liability of Massachusetts and Lumbermens for the balance.

By consent of all counsel the question of ultimate liability was submitted to the Court below for determination. The District Court entered an order on March 27, 1962, against Jamestown in the amount of $10,000.00 plus one-half interest and costs, against Massachusetts in the amount of $10,000.00 plus one-half of interest and costs, and against Lumbermens for $10,000.00 plus one-half of interest and costs. The order further provided that if Massachusetts paid the judgment against it, it would be entitled to judgment by subrogation against Lumbermens for that amount, and that if Lumbermens paid the judgment against it, both Massachusetts and Lumbermens should be released and discharged. The order provided that the cause should remain open for such further orders as should prove necessary when and if the judgment were paid. Massachusetts paid the judgment, and a final judgment was entered on April 16, 1962, for Massachusetts against Lumbermens.

Lumbermens appealed on April 26, 1962, from the order of March 27, 1962,[2] raising several issues in its brief. All of these were abandoned by counsel in oral argument before this Court except its contention that Massachusetts Bonding was not entitled to claim or plead subrogation until it had paid the judgment to Phillips.

Massachusetts Bonding contends that Lumbermens, by referring to the interlocutory order of March 27, rather than the final order of April 16, in its notice of appeal has specified a non-appealable order, and so this appeal must be dismissed under 28 U.S.C. § 1291. It contends that since Rule 73(b) provides that "the notice of appeal * * * shall designate the judgment or part thereof appealed from * * *", this Court is prevented from treating the instant case as in reality an appeal from the final judgment. We shall consider this issue first.

■ We cannot agree with this contention. Whatever the rule may have been years ago, this defect is not fatal where it can be reasonably inferred from the notice of appeal that the intent of the appellant was to appeal from the final judgment, if it also appears that the appellee has not been misled. Hoiness v. United States, 335 U.S. 297, 69 S.Ct. 70, 93 L.Ed. 16 (1948); State Farm Mutual Ins. Co. v. Palmer, 350 U.S. 944, 76 S.Ct. 321, 100 L.Ed. 823 (1956), reversing 225 F.2d 876 (9 Cir. 1955); Railway Express Agency, Inc. v. Epperson, 240 F.2d 189 (8 Cir. 1957); Holz v. Smullan, 277 F.2d 58 (7 Cir. 1960); Altvater v. Battocletti, 300 F.2d 156 (4 Cir. 1962).

■ In the instant case appellant, after final judgment was entered, appealed, and his notice of appeal specified an interlocutory order as having been in error. It can reasonably be inferred from the notice of appeal that appellant's intent was to have the final judgment reversed, by having one of the rulings made by the District Court declared erroneous. Moreover, it is clear that the or-

of or arising out of the same transaction, occurrence, or series of transactions or occurrences * * *", and there is a "question of law or fact common to all of them * * *" arising in the action.

2. The body of the notice of appeal reads as follows: "Notice is hereby given that the Lumbermens Mutual Insurance Company, defendant above named, hereby appeals to the United States Court of Appeals for the Fourth Circuit from the Order entered in this action on March 27, 1962, in regard to that part of the judgment order wherein Massachusetts Bonding and Insurance Company shall be entitled to judgment against the Lumbermens Mutual Insurance Company if, and when the said Massachusetts Bonding and Insurance Company pays that part of the judgment it has been found liable on."

der appealed from as specified in the notice of appeal made effective disposition of the issues of law between the parties. After its entry, one needed only to add the costs and the accumulated interest in order to arrive at the amount of the final judgment. Thus the appellee has not been misled in any respect. We, therefore, find that this appeal is properly before the Court.

■ It is the well recognized rule, in Virginia as elsewhere, that a surety's right to subrogation does not arise until the debt has been fully paid. Conway v. American Nat. Bank, 146 Va. 357, 131 S.E. 803 (1926); Williston on Contracts Revised Edition § 1269. Apparently, it is the sole contention of Lumbermens that since no cause of action in favor of Massachusetts against Lumbermens arose until after Massachusetts had fully paid the debt, the action of Massachusetts in claiming, and the District Court in determining and ordering on March 27 that if Massachusetts paid the claim, judgment would then be entered against Lumbermens, was premature.

■ However, notwithstanding this substantive rule of law, Federal Rule of Civil Procedure 13(g) permits a cross-claim between "one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action * * *. Such cross-claim may include a claim that the party against whom it was asserted *is or may be* liable to the cross-claimant for all or a part of a claim asserted in the action against the cross-claimant." Although no formal cross-claim by Massachusetts against Lumbermens was filed in this action, the parties consented to a determination of all rights between them arising out of this action. Therefore, Rule 15(b) allows treatment of these matters as if they were raised by proper pleadings.[3] Amalgamated Casualty Ins. Co. v. Winslow, 77 U.S. App.D.C. 382, 135 F.2d 663 (1943). That case is also authority for the contingent form of order used by the District Court in the instant case. This, we feel, is the correct interpretation of Rule 13(g). Other authority for this holding comes from recent cases involving the right to contribution of jointly liable parties. The substantive law involved in those cases entitled a jointly liable party who paid more than his share of a judgment to contribution from his co-obligors. Before the right to contribution arose, it was necessary that the party asserting the right pay more than his share. The courts have held, both under Rule 13(g) and under Rule 14(a) (which allows interpleader in similar situations), that a conditional order such as the one granted below, issued before the substantive right arose, is appropriate. Smith v. Whitmore, 270 F.2d 741 (3 Cir. 1959); D'Onofrio Construction Company v. Recon Company, 255 F.2d 904 (1 Cir. 1958); Dennler v. Dodge Transfer Corporation, 201 F.Supp. 431, 438–440 (D. Conn. 1962); Falciani v. Philadelphia Transportation Company, 189 F.Supp. 203 (E.D.Pa.1960).

■ The basis of these decisions is that although the rule requiring payment before the right to recover arises is substantive, Rules 13(g) and 14(a), by allowing a conditional order before payment, merely make a procedural change. With this we agree.

Affirmed.

3. Fed.R.Civ.P. 15(b)—"When issues not raised by the pleadings are tried by express or implied consent of the parties they shall be treated in all respects as if they had been raised in the pleadings. * * *"