**MARYLAND CASUALTY CO. v. WILLIAMS et al.**

No. 13280.

United States Court of Appeals Fifth Circuit.

Nov. 8, 1950.

984

Jos. W. Popper, Charles J. Bloch, Macon, Ga., for appellant.

Cubbedge Snow, Macon, Ga., for appellees.

Before HUTCHESON, Chief Judge, and HOLMES and RUSSELL, Circuit Judges.

RUSSELL, Circuit Judge.

Appellees, plaintiffs in the trial Court, as the holders of a judgment unsatisfied, issued in their favor from the City Court of Macon, in a suit against Perry Lewis, instituted suit against appellant, Maryland Casualty Company, seeking recovery of the amount of the judgment upon the claim that Lewis was an additional insured within the terms of a policy of automobile liability insurance issued by appellant to Putzel Elec-

tric Company.[1] They sought also recovery of damages and attorney's fees under the provisions of the Georgia statute.[2] Upon the trial the appellant was found and adjudged liable to appellees for the sum claimed.

Upon review here, the controlling question is presented by an assignment of error asserting the insufficiency of the evidence to sustain the finding, implicit in the verdict and judgment, that Perry Lewis, at the time of the occurrence was using the truck of Putzel Electric Company (the named assured), with its permission within the terms of the insurance agreement referred to above. Upon consideration of the evidence it is clear that the finding to this effect by the jury was amply authorized, and this assignment of error is not meritorious.

The meaning of the policy language is to be ascertained and applied in accordance with the law of Georgia. The meaning and effect of the word "permission," as provided in the policy, received consideration by the Court of Appeals of Georgia in Hodges v. Ocean Accident & Guarantee Corp., 66 Ga.App. 431, 18 S.E.2d 28. It is there stated that the meaning of the term "permission" had not theretofore been ruled on by the appellate courts of Georgia. It seems established by that decision that the requisite permission of use of the insured automobile to invoke liability of the insurer may be either expressed or implied permission. In that decision Judge MacIntyre, as the organ of the Court, rejects the doctrine of "first instance permission" and declares the Georgia rule to be "to the effect that permission means a consent to use the car at the time or place or for a purpose authorized by the insured, express or implied. This third element requires that the purpose for which the car is used at the time of the accident be a purpose stated or intended at the time the bailment is made, but slight deviations are too unim-

1. The insuring agreement of the policy covered the ownership, maintenance or use of a designated International pickup truck owned by the Putzel Electric Co. The "omnibus clause" contained the usual provision that "the unqualified word 'insured' includes the named insured and also includes any person while using the automobile * * * provided the actual use of the automobile is by the named insured or with his permission."

2. Title 56, Sec. 706, Ga.Code Anno.

portant to have attached to them by construction the import of annulling the protective features of the policy." This result is reached by consideration "that the unauthorized using of a bailed automobile constitutes a conversion," which is utterly incompatible with permission. It is manifest that in any application of this rule the breadth or restriction of authority given as to detail of manner and purpose of use is entitled to weighty consideration.[3] The difference in the result of a use expressly prohibited, or detailed direction in which to be enjoyed, and a use for a purpose generally, without express direction or restriction, is clear, for "permission to use a car may be implied in the absence of express prohibition.[4]" These considerations must equally apply to each of the elements of time or place or purpose of permitted use, and consequently, except in clear cases, the question of whether the automobile is being permissively used at the time of the event giving rise to claimed liability is a question of fact to be determined by the jury.

■ Consideration of the facts and circumstances disclosed by the present record, in the light of the principles stated, affirm the correctness of the trial Court's action in submitting to the jury determination of the questions of fact involved and furnish sufficient evidence to support the verdict. Without attempting full recitation of the facts, we advert to only some of the highlights, and these briefly. Much of the testimony related to the most direct route from the store in downtown Macon, Georgia, to the home of Perry Lewis. Perry Lewis was, during his regular employment workweek, a truck driver for this company, by whom he had been employed for some nine years. His regular employment was ordinarily terminated at irregular times on Saturdays, and upon their completion, he was regularly permitted to drive the truck from the employer's store to Lewis' home in order to carry his weekly supply of groceries, and also frequently carried his wife as a passenger. The authority of use was just as broad and unrestricted as we have stated. It is undisputed that there was no direction given as to route, and no prohibition of other use expressed than could arise from the permission to use the truck to carry his groceries home, and then drive the truck to his employer's home where if needs of good appearance required it, he would wash the truck and leave it in the employer's yard. The work of washing was considered in the nature of payment for the use of the truck to transport his groceries, and the trip and washing was done on Lewis' own time. During the years, he as a faithful and longtime employee, had secured express permission to make trips in the truck to secure chicken feed and to haul, from outside locations, old lumber, boxes and crates to his home for use as firewood. On some occasions when working late, Lewis had been permitted to keep the truck at his own home. On the occasion in question when the wife and mother of appellees was fatally injured, Lewis was traveling ("going home" as testified) on at least one of the reasonable routes to his home carrying his groceries on the truck as usual, and intended a trip of a block and a half off of his regular route to secure some "pokeberry wine" as medicine for his rheumatism. While still in the street he regularly traveled, but ten or fifteen feet across the lane of travel occasioned by his intended detour, the accident occurred. Under the circumstances here, and in view of the long and unbroken course of dealing, as well as unrestricted express permission to use the truck "to take his groceries home," the appellant can not properly complain of the Court's submission to the jury of the question of implied permission to make the detour from a practical route, but still on a general route and direction to Lewis' home, and for a testified related purpose, nor that

---

3. Thus in the Hodges case, supra, where the Court found under the evidence that the use of the automobile at the time in question had been expressly prohibited, it held that there was no "permission" within the terms of the policy provision.

4. American Casualty Co. of Reading, Pa. v. Windham, 5th Cir., 107 F.2d 88, 90; Whitaker v. Coleman, 5th Cir., 115 F.2d 305.

the evidence fails to amply support the finding of permissive use.

As we view the issue here, we do ·not reach the question of deviation discussed by counsel. Consequently, any discussion of whether application of the principle of "slight deviation" might also support the finding of the jury, is unnecessary.

█ What we have said in ruling upon consideration of the evidence disposes, adversely to appellant, of its claim of error in the two designated excerpts from the charge of the Court wherein the jury was instructed that if they found the driver of the truck had implied permission of the owner to use it the plaintiffs should recover, and also that in determining that question they might consider all of the testimony as to former dealings between the parties, their relationship with reference to the use of the truck theretofore, and any and all other facts that had been developed from the witness stand, with the further statement that "The law is that in the absence of expressed prohibition, permission to use the car may be implied."

· █ The error assigned upon the failure of the Court to strike the portions of the complaint seeking recovery of damages and attorney's fees, and in failing· to withdraw this issue from the consideration of the jury, affords no cause for reversal. The primary claim of the plaintiffs was for a definite amount, $7,500.00, the amount of the judgment which they had obtained against Perry Lewis, together with interest thereon. The jury expressly found for the plaintiffs ·in this principal amount, and in answer to the inquiry from the Court at the time of the rendition of the verdict, stated that they did not find for plaintiffs any damages or attorney's fees. Since the jury must of necessity have found the primary claim, already liquidated as to amount, to be due in toto, or not at all, we can not sustain appellant's claim that by reason of the natural tendency of the jury to "compromise," the failure of the Court to withdraw this issue from the jury was necessarily prejudicial. We find in this ruling of the Court no cause for reversal, without regard to its correct- · ness.

We have considered the remaining assignments of error and find no cause for reversal.

The judgment of the trial Court is

Affirmed.