**EVANSTON INSURANCE COMPANY**

v.

**JIMCO, INC., et al.**

**No. Civ. A. 86–186–B.**

United States District Court,
M.D. Louisiana.

June 18, 1987.

H. Alston Johnson, III, William H. Howard, III, David H. Hardy, Baton Rouge, La., for plaintiff.

John V. Baus Jr., Hammett, Leake & Hammett, Richard M. Eustis, Monroe & Lemann, Gordon F. Wilson, Jr., Friend, Wilsin, Spedale & Draper, New Orleans, La., Carolyn Ingram-Dietzen, Lafayette, La., S. Gene Fendler, Liskow & Lewis, Peter J. Butler, Butler, Heebe & Hirsch, New Orleans, La., Collene McDaniel, Lafayette, La., Irl R. Silverstein, Gretna, La., for defendants.

POLOZOLA, District Judge.

After being sued as a defendant in numerous cases filed in the Louisiana state courts, Evanston Insurance Company ("Evanston") filed this action for a declaratory judgment in federal court.[1] Evanston seeks a declaratory judgment to have this Court determine whether there is coverage under an errors and omissions policy issued by the Mid-Continent Underwriters, Inc. ("MCU").[2]

This matter is before the Court on motions of the defendants, Duke Transportation, Inc. ("Inc.") and The Cajun Company ("Cajun"). Cajun has filed a motion to dismiss asserting that there is a lack of complete diversity among the parties. Cajun also asserts that because there is a parallel action pending in state court between Evanston and Cajun, this Court should dismiss this federal action.

During the oral arguments held in this case, the Court granted Cajun's and Duke's oral motion to be substituted as movers in the motion filed by Jimco, Inc. for judgment on the pleadings or alternatively for summary judgment after Jimco, Inc. withdrew its motion. This motion asserts that this Court is without jurisdiction because there is a lack of complete diversity among the parties.

For reasons which follow, the Court finds that because complete diversity does exist between the parties this Court has subject matter jurisdiction in this case. However, based upon the holdings in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) and *Moses H. Cone Memorial Hosp. v. Mercury Construction Co.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) this Court will abstain from deciding this case because of the numerous pending state court cases involving these

---

1. It is clear that Evanston could not remove these state court suits because of the lack of complete diversity jurisdiction. 28 U.S.C. § 1332.

2. MCU was a Louisiana corporation licensed as an insurance agent in the State of Louisiana. MCU was wholly owned by North-West Insurance Company, a non-admitted carrier, with its principal place of business in Portland, Oregon. North-West Insurance Company is now in liquidation in the State of Oregon and is presently unable to fully discharge all of its obligations to its insureds. MCU has filed a petition for relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 701 et seq.

parties and issues. Therefore, Cajun's moton to dismiss will be granted.

## I. Jurisdiction

■ Plaintiff alleges that the jurisdiction of this Court arises from the diversity of citizenship of the parties, 28 U.S.C. § 1332. Plaintiff asserts that it is a citizen of Illinois and that all defendants are citizens of states other than Illinois. Duke and Cajun have argued that jurisdiction is improper under 28 U.S.C. § 1332(c) which provides:

> For the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business: *Provided further,* That in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has is principal place of business.

Defendants argue that because Evanston's insured, MCU, is a citizen of Louisiana, Section 1332(c) requires that Evanston be considered a citizen of Louisiana for diversity purposes. Under these facts, defendants contend diversity of citizenship does not exist between plaintiff and defendants.

Applying the holdings of *Dairyland Insurance Co. v. Makover,* 654 F.2d 1120 (5th Cir.1981) and *Aetna Casualty & Surety Co. v. Greene,* 606 F.2d 123 (6th Cir.1979) and the strict language of Section 1332(c), the Court concludes that Section 1332(c) does not apply to an action such as this declaratory judgment action brought by Evanston in which a liability insurer is the moving party. Therefore, the Court concludes that Evanston is a citizen of Illinois and jurisdiction is established in this Court under 28 U.S.C. § 1332.

## II. Abstention

Having concluded the Court does have subject matter jurisdiction, the issue this Court must now address is whether it should dismiss this action in view of the numerous pending state court proceedings. In cases of concurrent state and federal jurisdiction, the federal courts have a "virtually unflagging obligation ... to exercise the jurisdiction given them." *Colorado River, supra,* 424 U.S. at 817, 96 S.Ct. at 1246. However, there are extraordinary and narrow exceptions where district courts may decline to exercise its jurisdiction because of parallel state court proceedings. *Id.* at 424 U.S. at 817–19, 96 S.Ct. at 1246–47.

This case does not fall within any of the traditional categories established under the doctrine of abstention. However, there is another principle referred to as the "exceptional circumstances test" which was first enunciated in *Colorado River, supra,* which the Court believes is applicable under the facts of this case. The Supreme Court stated in *Colorado River:*

> These principles rest on consideration of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation."

*Id.* at 817, 96 S.Ct. at 1246. The Court identified the following factors to be considered in applying the exceptional circumstances test, stating:

> It has been held, for example, that the court first assuming jurisdiction over property may exercise that jurisdiction to the exclusion of other courts.... In assessing the appropriateness of dismissal in the event of an exercise of concurrent jurisdiction a federal court may also consider such factors as the inconvenience of the federal forum, ... the desirability of avoiding piecemeal litigation ... and the order in which jurisdiction was obtained by the concurrent forums.

*Id.* at 818, 96 S.Ct. at 1246–47. [citations omitted].

In *Moses H. Cone Memorial Hospital v. Mercury Constr.,* 460 U.S. at 23–27, 103 S.Ct. at 941–43, the Court reviewed and

reaffirmed the test applied in the *Colorado River* decision and added two new factors to those set out in *Colorado River*: whether state or federal law supplies the rule of decision and whether the state court proceeding will adequately protect the rights of the party seeking to invoke federal jurisdiction.

The decision whether to decline to hear a matter in federal court because of parallel state court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case. *Moses H. Cone Mem. Hosp.*, 460 U.S. at 16, 103 S.Ct. at 937.

In applying these factors to this case, the Court finds that the balance of circumstances weigh in favor of dismissing the federal court action. The Supreme Court in *Moses H. Cone Mem. Hosp., supra*, 460 U.S. at 26, 103 S.Ct. at 942 held that the presence of exclusively state law issues may counsel in favor of deferring a federal action to a parallel state proceeding. It is clear that a federal interest is not involved and federal law is not implicated in the controversy giving rise to this action. Although the contractual provisions of the insurance policy provides the law between the parties, the provisions will have to be interpreted in conformity with the laws and jurisprudence of the State of Louisiana. Therefore, the Court must consider this factor as weighing in favor of dismissal.

The avoidance of piecemeal litigation and convenience of the federal forum are also critical factors which the Court concludes weigh in favor of dismissal. The Court understands plaintiff's desire to litigate the over twenty separate suits now pending in state court in one forum. However, the Court finds that to do so would result in confusion of issues and parties.

Plaintiff has argued that the coverage issues can be severed from the liability issues thereby allowing this Court to make a prompt, efficient determination of the threshhold coverage question. However, after a thorough review of the record, memorandums and oral argument, the Court finds that many of the coverage issues are intertwined with liability issues, thus making such a severance impractical. As plaintiff states in its supplemental memorandum at page 27–28:

> The counterclaims filed by the defendants in the federal action involve a multitude of issues and parties. Each counterclaim will demand unique proof on issues such as representations made by Mid-Continent regarding the specific prospective insured and its coverage. In addition, defendants have joined in the state court and no doubt would seek to join in the federal court other insurance agents or brokers thus multiplying the issues and parties involved. Because different factual situations and parties are involved, the state courts can more efficiently adjudicate the liability issues in the counterclaims filed by the defendants.

In essence, the federal court would be required to try each of the twenty state actions in this court just to determine the issue of coverage.

Therefore, this Court finds that the convience of forums and the avoidance of piecemeal litigation weigh in favor of abstention by this Court.[3]

The Court also notes that this court acquired jurisdiction subsequent to the state court proceedings. While not a significant factor in the court's decision, this fact also weighs in favor of abstention.

Considering the principles of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation" The Court will abstain from deciding the issues raised in this declaratory judgment action. Therefore, Cajun's motion to dismiss is hereby granted.

Therefore:

---

**3.** Although this issue is not before the Court, the Court is also concerned that a judgment rendered in a situation such as those presented to this Court may not be res judicata in subsequent state court proceedings.

IT IS ORDERED that the motion of The Cajun Company and Duke Transportation, Inc. for judgment on the pleadings or alternatively for summary judgment be and it is hereby DENIED.

IT IS FURTHER ORDERED that the motion of The Cajun Company to dismiss based on lack of diversity be and it is hereby DENIED.

IT IS FURTHER ORDERED that the motion of The Cajun Company to dismiss because of parallel state proceedings be and it is hereby GRANTED.

Judgment shall be entered dismissing this suit without prejudice.