# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

September 10, 2014

Lyle W. Cayce
Clerk

No. 13-20501

PREFERRED CONTRACTORS INSURANCE COMPANY RISK RETENTION GROUP, L.L.C., also known as Preferred Contractors Insurance Company,

Plaintiff-Appellee,

v.

CALVIN FINNELS,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas, Houston
U.S.D.C. No. 4:12-cv-1406

Before DAVIS, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Appellant, Calvin Finnels (Finnels), appeals the district court's summary judgment in favor of Preferred Contractors Insurance Company (PCIC), and declaratory judgment finding that PCIC has no obligation to indemnify its insured Oyoque Masonry, Inc. (OMI) for a verdict Finnels obtained against OMI.  We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-20501

I.

Appellee, PCIC issued a commercial general liability policy (CGL) to OMI.  PCIC denied coverage under the CGL policy and declined to indemnify OMI for a judgment rendered against OMI in a personal injury action filed by Finnels.  The underlying facts giving rise to the personal injury claim are mostly undisputed. In 2010, Jose Oyoque (Oyoque) owned and operated three businesses relevant to this appeal: Delta Precast, L.L.C. (Delta); Gulf Coast Express, L.L.C. (Gulf Coast); and OMI.  In March 2010, Delta contracted with the Meadows Community Association (Meadows) to fabricate and install a concrete wall for its residential subdivision.  Delta fabricated the wall, and OMI performed the installation.  Gulf Coast, a trucking and transportation business, was responsible for transporting the wall from Delta's fabrication facility to the subdivision, for installation by OMI.

On August 20, 2010, Finnels, a truck driver who worked as an independent contractor for Gulf Coast, delivered the final section of the fabricated wall to the OMI worksite at the Meadows subdivision.  Upon arriving at the worksite, Finnels loosed the load from the truck, and an OMI worker unloaded the section of the wall with a forklift.  Finnels then proceeded to assist the OMI worker in the installation of the last piece of the wall.  The parties dispute whether Oyoque directed Finnels to assist in the installation, or whether Finnels voluntarily did so. The district court did not resolve this factual dispute because it found it immaterial to the outcome of the case. In any event, during the installation, Finnels fell from the wall and was seriously injured.

Finnels subsequently filed suit against Gulf Coast and OMI in Texas state court. PCIC then filed a declaratory judgment action against OMI and Finnels in federal district court seeking a declaration that it owed no duty to

No. 13-20501

defend or indemnify OMI in the state court proceeding. While the federal action was pending, the state court claim went to trial and Finnels secured a $75,000 judgment against OMI.

The federal district court granted summary judgment in favor of PCIC, finding coverage under its CGL policy was excluded. Therefore, the court concluded that PCIC had no duty to indemnify OMI against the state court judgment.[1] Finnels appeals the judgment of the district court.[2]

## II.

We review the district court's grant of summary judgment *de novo*.[3] Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[4]

## III.

The sole issue in this case is whether the district court erred in determining that PCIC had no duty to indemnify OMI, based on the "independent contractor" exclusion.

The district court applied Texas law to reach its conclusion, and the

---

[1] PCIC provided a defense to OMI under a reservation of rights to Finnels's state court suit, and neither Finnels nor PCIC raised the duty to defend on appeal. Thus, this appeal is confined to the question of whether PCIC has a duty to indemnify OMI for the judgment entered against OMI in the state court proceeding.

[2] OMI, the insured, did not file a Notice of Appeal in this case. The only party which lodged an appeal is the other named defendant, Finnels. As a general matter, "A party who is aggrieved by a judgment has standing to appeal it." *Klamath Strategic Investment Fund ex rel. St. Croix Adventures v. U.S.,* 568 F.3d 537, 546 (5th Cir. 2009). "In a declaratory judgment action brought by an insurer to determine coverage under a liability policy issued to the insured, third parties claiming liability in [a] state tort suit[] against the insured have been held to be proper parties to the declaratory suit . . ." *Dairyland Ins. Co. v. Makover*, 654 F.2d 1120, 1123 (5th Cir. Unit B 1981). This indicates judgment creditors, such as Finnels.

[3] *Jones v. Comm'r*, 338 F.3d 463, 466 (5th Cir. 2003).

[4] Fed. R. Civ. P. 56(c).

parties do not dispute its application on appeal.  Under Texas law, "The duty to indemnify is triggered by the actual facts establishing liability in the underlying suit."[5]

OMI's commercial general liability policy with PCIC provides coverage for a third party's claim of bodily injury "where such claim directly substantially relates to an insured's project." The policy excludes coverage for employees of OMI, and also includes an "Action Over Endorsement" which excludes coverage for contractors, subcontractors, and independent contractors who provide work or products on the insured's job site. The Action Over Endorsement is central to this appeal.  It provides, in pertinent part:

> This policy does not apply to any claim(s) for "bodily injury", arising out of claim(s), or suit(s) by general contractors, subcontractors, *independent contractors*, their employees or volunteer workers, or any persons or companies who are affiliated with such persons or entities *who provide work or products on job sites where the insured provides work, products or services as a contractor or subcontractor.  This exclusion applies whether or not the persons or entities making such claims are hired, or retained by the insured on the job site where the claim(s) or suit(s) arise from.*[6]

The district court held that Finnels qualified as an "independent contractor" under the Action Over Endorsement, and therefore coverage for his injuries was excluded.  The court arrived at this conclusion simply: Finnels expressly pled he was an "independent contractor" and he provided a product to the OMI job site (the section of pre-fabricated wall), therefore the endorsement was triggered. Finnels argues the court erred because material factual issues exist as to his status under the PCIC policy. Finnels's argument

---

[5] *Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d 819, 821 (Tex. 1997).

[6] (emphasis added).

4

has four parts: 1) Gulf Coast does not qualify under the PCIC policy as a "subcontractor" of OMI; 2) Finnels was not an "independent contractor" of OMI; 3) PCIC failed to produce evidence that OMI was a "contractor" or "subcontractor" as required by the endorsement; and 4) Finnels likely qualifies as a "temporary worker" under the PCIC policy, and therefore his claims would be covered.

As to Finnels's first argument, the Action Over Endorsement does not require Gulf Coast to be a subcontractor of OMI. All that is required is the claim be made by an independent contractor, which Finnels claims he was, and that such contractor provide services or products to the same site where the *insured* is a contractor or subcontractor.

Finnels's second argument is also meritless. No language in the endorsement requires Finnels to be an independent contractor of the insured, OMI. All the Action Over Endorsement requires, by its plain terms, is a "claim for 'bodily injury', arising out of [a claim] by . . . [an] independent contractor[] who provide[s] work or products on job sites where the insured provides work, products or services as a contractor or subcontractor."[7]

Third, Finnels argues that PCIC failed to produce undisputed evidence that OMI was a "contractor" or "subcontractor" as required by the Action Over Endorsement. Neither party disputes the roles the companies played in the fabrication, delivery, and installation of the wall. The undisputed facts reflect that Delta contracted with Meadows to fabricate and install the wall. It is clear that Delta is a contractor. Further, the undisputed facts indicate that OMI exclusively handled the installation of the wall for Delta. OMI provided a part of the overall work Delta agreed to provide to Meadows. Pursuant to the

---

[7] The endorsement goes on to explain, "This exclusion applies whether or not the persons or entities making such claims are hired, or retained by the insured on the job site where the claim(s) or suit(s) arise from."

No. 13-20501

generally accepted meaning of the term and the specific facts of this case, there is no *genuine* issue of material fact regarding whether OMI was a subcontractor to Delta, within the meaning of the PCIC policy.[8]

In Finnels's fourth and final argument, Finnels contends that a genuine issue of material fact exists as to whether he was a "temporary worker" under the policy. Temporary workers (as opposed to ordinary employees) are not excluded under the Employee Exclusion in the policy. A temporary worker, under the policy, is defined as "a person who is furnished to [the insured] to substitute for a permanent employee on leave or to meet seasonal or short term workload conditions." The district court correctly rejected this argument because once it was established that Finnels was an independent contractor who fell within the Action Over Endorsement, it was irrelevant whether he also qualified as a "temporary worker" and, therefore, not excluded under the separate Employee Exclusion. The district court correctly concluded that Finnels was excluded by the Action Over Endorsement and it was unnecessary to consider whether he was also excluded under the Employee Exclusion.

IV.

The plain terms of the Action Over Endorsement excludes coverage to the injury to Finnels, an independent contractor who provided products to the insured's job site. For the reasons stated above and for the careful reasons stated by the district court, the judgment of the district court is AFFIRMED.

---

[8] During oral arguments in the district court on the Motion for Summary Judgment both Finnels and OMI stated that a relationship existed between Delta and OMI. More specifically, counsel for Finnels admitted that "OMI was hired by Delta to install the wall", and counsel for OMI admitted that OMI "was subcontracted to" install the wall.