CASTLE POINT NATIONAL INSUR-
ANCE COMPANY, formerly known as
SUA Insurance Company, Plaintiff–
Appellee

v.

Everado Chuca LALO, Jr.,
Defendant–Appellant.

No. 15–10224.

United States Court of Appeals,
Fifth Circuit.

March 17, 2016.

Glenn Jay Fahl, Fahl & Associates, P.C.,
Houston, TX, Jack O. Nelson, Jr., Nelson
& Nelson, Lubbock, TX, for Plaintiff–Ap-
pellee.

Robert Smead Hogan, Esq., Hogan Law
Firm, P.C., Lubbock, TX, for Defendant–
Appellant.

Before KING, JOLLY, and PRADO,
Circuit Judges.

PER CURIAM: *

This insurance dispute requires us to
decide whether Castle Point National In-

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under

surance Company must defend and/or indemnify Everado Chuca Lalo, Jr., Dannel Estrada, and Phillip Sean Biagas, d/b/a B.S. Trucking, against Lalo's state-court claims that B.S. Trucking's negligence and negligent entrustment of a semi-trailer truck caused his injuries. For the reasons that will follow, we reverse the district court's judgment in part and hold that Castle Point is required to defend B.S. Trucking and Estrada, and vacate the district court's judgment in part and hold that any determination concerning Castle Point's duty to indemnify B.S. Trucking or Estrada is premature at this time. We affirm the district court's judgment in all other respects.

### I.

Lalo was injured while riding as a passenger in a semi-trailer truck driven by Estrada, owned by R.J. Border, d/b/a Ideallease, and leased to Biagas, d/b/a B.S. Trucking. Castle Point carried B.S. Trucking's commercial auto liability coverage. The policy provided coverage for B.S. Trucking, its employees, and anyone else driving with its permission, for bodily injury claims arising out of accidents involving its trucks ("the policy"). The policy excluded coverage, however, for injuries sustained by employees in the course of employment.

Lalo sued Estrada, B.S. Trucking, and Border in a Texas state court ("the state-court case"), seeking damages for his injuries. Castle Point then filed a declaratory judgment action in the Northern District of Texas to determine its duty to defend and/or indemnify the parties in Lalo's

state-court case. Castle Point moved for summary judgment based on exclusions in the policy. The district court granted Castle Point's motion, in part, and held that Castle Point had no duty to defend or indemnify Lalo or Estrada because they were employees of B.S. Trucking (and, thus, fell under the work-related exclusions), nor to indemnify or defend B.S. Trucking (because the district court assumed that the injuries were work related). With respect to Border, the district court held that Castle Point had a duty to defend, but that any determination of Castle Point's duty to indemnify Border was premature. Only Lalo has appealed.[1]

### II.

We review the district court's grant of summary judgment de novo, also applying the same standards as the district court. *See Newman v. Guedry,* 703 F.3d 757, 761 (5th Cir.2012).

Under Texas law, which both parties agree governs this case, "an insurer's [respective] duties to defend and [to] indemnify its insured are 'distinct and separate duties.'" *Colony Ins. Co. v. Peachtree Constr., Ltd.,* 647 F.3d 248, 252 (5th Cir. 2011) (quoting *Trinity Universal Ins. Co. v. Cowan,* 945 S.W.2d 819, 821–22 (Tex. 1997)). Furthermore, Texas follows the "the 'eight-corners rule,' [under] which 'an insurer's duty to defend is determined by the third-party plaintiff's pleadings, considered in light of the policy provisions, without regard to the truth or falsity of those allegations." *Trinity Universal Ins. Co. v. Emp'r Mut. Cas. Co.,* 592 F.3d 687, 691 (5th Cir.2010) (quoting *Zurich Am.*

---

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. Neither Estrada nor B.S. Trucking appealed the holding of the district court. Nevertheless, Lalo, as a "potential judgment creditor[ ] claiming liability in a state court tort suit

against [Estrada and B.S. Trucking], ha[s] standing to appeal the judicial declaration that the policy ... does not cover [either party]." *Dairyland Ins. Co. v. Makover,* 654 F.2d 1120, 1123 (5th Cir.1981).

*Ins. Co. v. Nokia, Inc.*, 268 S.W.3d 487, 491 (Tex.2008)). We must also "resolve all doubts regarding the duty to defend in favor of the duty and ... construe the pleadings liberally." *Id.* (quoting *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Merchs. Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141–42 (Tex.1997)). Conversely, "an insurer's duty to indemnify typically can be resolved only after the conclusion of the underlying action." *VRV Dev. L.P. v. Mid–Continent Cas. Co.*, 630 F.3d 451, 459 (5th Cir.2011). "The duty to indemnify may be resolved at summary judgment, however, when 'the insurer has no duty to defend and the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify.'" *Id.* (quoting *Farmers Tex. Cty. Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex.1997)).

### III.

█ The district court determined, from the face of the complaint, that both Lalo and Estrada were employees of B.S. Trucking at the time of the accident, and that policy exclusions relating to work-related injuries negated Castle Point's duty to defend either of them. *See Castle Point Nat'l Ins. Co. v. Lalo*, No. 5:14–CV–150–C, at *2 (N.D.Tex., Feb. 20, 2015) ("Defendant ... B S Trucking ... employed Defendants [ ] Estrada ... and Lalo as a driver team."); *Id.* at *5 ("The *complaint states* that Estrada and Lalo were employees of B S Trucking, the 'insured.' ... Lalo was an employee of B S Trucking and he was injured while in the

course and scope of his employment....") (emphasis added).

But, contrary to the district court's determinations, Lalo's state-court complaint contains no allegation that Lalo was an employee of B.S. Trucking; nor does it contain sufficient factual allegations to classify Lalo as an employee under the policy. As discussed above, for the purposes of deciding the duty of an insurance carrier to defend the insured, we are obligated to evaluate Lalo's complaint (and the policy) "without regard to the truth or falsity of [Lalo's] allegations" and "resolv[ing] all doubts regarding the duty to defend in favor of the duty." *Trinity Universal Ins. Co.*, 592 F.3d at 691 (quoting *Nat'l Union Fire Ins. Co.*, 939 S.W.2d at 141–42). Accordingly, we hold that the district court erred by determining from the complaint that Lalo was an employee under the policy and therefore fell into the policy's exclusions related to work-related injuries.

The district court, however, did not err in further concluding that Castle Point had no duty to defend Lalo because his complaint failed to allege *any* cause of action, in which Castle Point would have a duty to defend him.[2] In short, Castle Point has no duty to defend Lalo.

█ Lalo did allege claims in his complaint, however, that trigger Castle Point's duty to defend Estrada as an employee. Specifically, if Estrada was an employee of B.S. Trucking and Lalo was not, then Castle Point would have a duty to defend Estrada. This is true because Lalo alleged that, while the driver of B.S. Truck-

**2.** *See Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 528 (5th Cir.2004) ("[T]he duty to defend arises only when the facts alleged in the complaint, if taken as true, would *potentially* state a cause of action falling within the terms of the policy. The insured bears the initial burden of establishing

that a claim against it is potentially within the policy's coverage. The insurer is obligated to defend the insured, provided that the petition or complaint alleges at least one cause of action potentially within the policy's coverage.") (citations omitted).

ing's vehicle, "Estrada failed to safely operate and maintain control of the tractor and trailer ... causing severe injuries to [Lalo]." Lalo further alleged that B.S. Trucking was "liable for the [negligent] acts or omissions of [its] employees ... including those of ... Estrada." Therefore, "without regard to the truth or falsity of [Lalo's] allegations" and "resolv[ing] all doubts regarding the duty to defend in favor of the duty ... constru[ing] the pleadings liberally," we hold that the district erred by determining that Estrada was excluded from coverage under the policy because both he and Lalo were employees of B.S. Trucking when Lalo's injuries occurred. *See id.* To the point, Castle Point has a duty to defend Estrada against Lalo's claims.

With respect to Castle Point's duty to defend B.S. Trucking, the district court held that because "Lalo is an employee of B S Trucking and his injuries were sustained in the course and scope of his employment ... Castle Point has no duty to defend B.S. Trucking." *Castle Point Nat'l Ins. Co.,* No. 5:14–CV–150C, at *5–6. But, for the reasons addressed above, neither the complaint nor the policy support the conclusion that Lalo was an employee. And, consequently, the policy exclusions cited by the district court do not negate Castle Point's duty to defend B.S. Trucking. Thus, the district court erred in holding that Castle Point had no duty to defend B.S. Trucking.

Finally, for the reasons concerning Castle Point's duty to defend Estrada and B.S. Trucking, we cannot negate any possibility Castle Point will *ever* have a duty to indemnify them. Accordingly, any determination concerning Castle Point's duty to indemnify Estrada or B.S. Trucking is premature. *See VRV Dev. L.P.,* 630 F.3d at 459.

## IV.

In sum: We REVERSE the district court's judgment in part and hold that Castle Point has a duty to defend Estrada and B.S. Trucking; VACATE the judgment as to Castle Point's duty to indemnify Estrada or B.S. Trucking; and REMAND the case to the district court for further proceedings not inconsistent with this opinion. We AFFIRM the judgment in all other respects.

REVERSED in part; VACATED and REMANDED in part; AFFIRMED in part.